HENRY LONG, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 30, 1904.

1. NUISANCES: Permanent and Temporary: Pleading: Dismissal of One Count: Recovery. Where the petition is in two counts for a permanent and a temporary nuisance, and during the trial the count for permanent damages is dismissed and the trial proceeds on the other count, no recovery can be had on the first count and the instructions permitting the same are erroneous.

2. ———: ———: Measure of Damages. The measure of damages to real estate for a temporary nuisance should be limited to the damages actually sustained including the diminution of the rents up to the date of commencing the action.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*R. J. Ingraham,* City Counsellor, and *J. J. Williams* for appellant.

(1)    Evidence of the subsequent value of the property and the effect of the creek thereon was improper. Foncannon v. Kirksville, 88 Mo. App. 279; Pinney v. Berry, 61 Mo. 368; Chamberlain v. Light and Power Co., 158 Mo. 18; Brown v. Railway, 80 Mo. 457; Smith v. Railway, 98 Mo. 20; O'Neill v. Crane, 67 Mo. 250. (2)    Plaintiff's instruction 3 was erroneous. Brown v. Railway, 80 Mo. 457; Pinney v. Berry, 61 Mo. 368; Foncannon v. Kirksville, 88 Mo. App. 279; Smith v. Railroad; 98 Mo. 20.    (3)    Plaintiff's instruction 5 was erroneous.    Pryor v. Railroad, 85 Mo. App. 367; Tyler v. Hall, 106 Mo. 313; McAtee v. Valandingham, 75 Mo. App. 45; Evans v. Joplin, 76 Mo. App. 20; Plummer v. Melan, 70 Mo. App. 599; Camp v. Railroad, 94 Mo. App. 272; Hawes v. Stock Yards, 103 Mo. 60; Flynt v. Railroad, 38 Mo. App. 94; Morrison v. Yancey, 23 Mo. App. 675; Duke v. Railroad, 99 Mo. 347; Welch v. Railroad, 20 Mo. App. 477; White v. Insurance Co., 93 Mo. App. 282; Shoe Co. v. Lisman, 85 Mo. App. 340; Dunham v. Harberg, 69 Mo. App. 509; Chamberlin v. Light and Power Co., 158 Mo. 19; Robertson v. Railroad, 152 Mo. 391; Cobb v. Railroad, 149 Mo. 630.

*Noyes, Heath & Walls* for respondent.

(1)    Appellant invited and brought out the evidence, before respondent offered any evidence as to the value of the property.    Appellant having asked incompetent questions can not complain of error in respondent doing the same on the same subject.    State v. Palmer, 161 Mo. 152.    (2)    Defendant did not object to the evidence of the value of the property, because the value was not fixed at the time of filing the suit.    Objection to evidence must specify the grounds of the objection, and no other grounds will be considered in the appellate courts, except those made at the trial.    Guber-

nator v. Rattalack, 86 Mo. App. 184; Wilson v. Reeves, 70 Mo. App. 30; Walser v. Wear, 141 Mo. 463; Adair v. Mette, 156 Mo. 496; Boyse v. Burt, 34 Mo. 74. (3) Where a nuisance is of such a character that its continuance is necessarily an injury, and it is of a permanent character so that it will continue without change, from any cause but human labor, then the damages are original and may be at once fully compensated. Givens v. Van Studdiford, 4 Mo. App. 498; s. c. 72 Mo. 129, 86 Mo. 149; James v. Kansas City, 83 Mo. 570; Bird v. Railroad, 30 Mo. App. 373; Spencer v. Railway, 58 Mo. App. 513; Wallace v. Railroad, 47 Mo. App. 491; Sutherland on Damages (2 Ed.), sections 1042 to 1047; Wood on Nuisance (3 Ed.), section 869. (4) The value of plaintiff's property was a proper issue on the first count. Chamberlain v. Light and Power Co., 158 Mo. 19; McGinnis v. Loring, 126 Mo. 411. (5) Defendant puts a false construction on plaintiff's instruction 3. It did not tell the jury to find for plaintiff, if his property had been damaged by sewage discharged into the creek. If there was error in instruction 3 it was cured by instruction 5. McGinnis v. Loring, 126 Mo. 411.

SMITH, P. J.—This is an action to recover damages resulting from an alleged nuisance caused by the construction of certain sewers by defendant. The petition was in two counts, the first of which was to recover for the temporary, and the other for the permanent, injury to plaintiff's property. The facts disclosed by the evidence to which it is necessary to refer in order to get a proper understanding of the case may be grouped in about this way:

O. K. creek, a stream within the territorial limits of the defendant city, is a confluent of Turkey creek, the latter, after entering and running north through the southwest part of defendant city, joins the Kaw river. The defendant city some years since converted O. K. creek into a subterranean sewer from its head to where

it entered Turkey creek. The plaintiff was the owner of several lots on which he constructed a three-story brick building designed for a saloon and boarding-house. This property is situate about seventy-five feet from Turkey creek and a half mile north of where O. K. creek sewer enters that creek. The sewage discharged from O. K. creek sewer into Turkey creek polluted its waters and thereby caused them to exhale noxious vapors and gases which tainted the air of the neighborhood in which plaintiff's property was situate, and thereby subjected him to considerable discomfort and annoyance.

The plaintiff introduced evidence tending to prove the value of his property at the time of the trial and that such value was less than it would have been but for the presence there of offensive odors coming from Turkey creek. Witness Joffee testified for plaintiff as to the value of the latter's property after the suit was brought and that it would be worth more if the creek were not there. Other evidence was adduced which tended to prove that the condition of the creek lessened the value of plaintiff's property.

The trial proceeded on both counts of the petition until after the plaintiff had concluded his evidence and the defendant city had called Mr. Waddell, a witness in its behalf, who had testified that the sewer system adopted by defendant city contemplated an extension of the O. K. creek sewer so that the sewage which was discharged from it into Turkey creek would be ultimately carried forward and discharged into the Kaw river, and that the terminus of said O. K. creek sewer at the point where it joined Turkey creek was only temporary, when the plaintiff dismissed the second count so that from thence forward the action was but that to recover such damages to plaintiff's property as was of a temporary nature.

No instruction was asked or given withdrawing the evidence adduced in support of the first count.

The court gave several instructions at the request of plaintiff and among them was one, the third, which was to the effect that, "the defendant is a municipal corporation, and as such, it has no right to damage private property for its own use without making just compensation to the owner of such private property. And if you believe from the evidence that the defendant has damaged plaintiff's property by discharging sewers into O. K. creek and Turkey creek, and thereby created a nuisance as herein defined to plaintiff's damage, then you must find for plaintiff." It does not appear that the court in any way informed the jury that plaintiff's first count had been dismissed or was not before them. Nor was any instruction given telling the jury to exclude from its consideration the evidence adduced in support of the first count which, as has been stated, was to recover damages for permanent injuries to plaintiff's property.

The instruction just quoted submitted to the jury the abandoned issue tendered by the first count. How did the jury know that it was to disregard the plaintiff's claim for permanent injuries alleged in the first count? After the dismissal of that count the plaintiff's right of recovery was limited to the special damages demanded by his second, and in which case the instructions should have been confined to it. A party can "not be permitted to sue for one thing and submit other questions to the consideration of the jury." The instruction in question submitted to the jury the issue whether or not "the defendant had damaged plaintiff's property by discharging sewers into O. K. and Turkey creeks," concerning which there remained in the petition, after the dismissal of the first count, no allegation or prayer. Under the evidence and instruction the jury were authorized to allow damages for injuries to the inheritance. Under the pleadings this was improper. Brown v. Railroad, 80 Mo. 457; and cases there cited. Pinney

v. Berry, 61 Mo. 359; Bungenstock v. Nishnabotna, 163 Mo. 189.

The jury might very well have thought that it was authorized to allow the plaintiff not only special damages but also damages to the inheritance. The plaintiff by dismissing the first count in his petition in effect conceded that the injury complained of was of a temporary nature and could be removed or remedied by the defendant city and that therefore his recovery should be limited to the damages actually sustained, including any diminution of rentals up to the date of the commencement of his suit. Pinney v. Berry, supra; Brown v. Railroad, supra; Smith v. Railroad, 98 Mo. 20; Paddock v. Somes, 102 Mo. 239; Van Hoozier v. Railway, 70 Mo. 145; Dickson v. Railroad, 71 Mo. 575; Benson v. Railroad, 78 Mo. 504. Plaintiff's said instruction, under the circumstances to which we have referred, was calculated to mislead the jury as to the issue it was required to determine, and on account of the amount of the verdict we are inclined to think it did mislead the jury to the prejudice of the defendant.

Other points are suggested and discussed in the briefs of counsel but in the view of the case taken by us it is unnecessary to notice them.

The judgment must be reversed and the cause remanded. All concur.