ANNA HORR, Respondent, v. KANSAS CITY ELEVATED RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

**CARRIERS OF PASSENGERS: Negligence: Sudden Jerk of Car: Evidence.** Plaintiff sued for damages for injuries received when thrown from the vestibule of an electric street car, while preparing to alight therefrom, by a sudden forward lurch. Evidence that plaintiff's mother-in-law, who was with plaintiff at the time she was thrown from car, and also injured, was sick at her home that evening, was admitted. *Held*, that such testimony related to a collateral fact and should have been excluded.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, C. S. Palmer* for appellant.

(1.) The court erred in admitting the immaterial testimony of Jesse Horr, as to the condition in which he found his wife the evening after the accident. Greenleaf on Evidence (13 Ed.), sec. 52; Smith v. Young, 26 Mo. App. 515; Gorham v. Auerswald, 53 Mo. App. 131; Ritter v. Bank, 87 Mo. 574. (2) The physical facts show that plaintiff could not have been thrown from the car in the manner testified to by her, and the verdict rendered upon evidence contradicting well-known physical laws will be reversed. Scroggins v. R. R., 138 Mo. App. 215; Nugent v. Milling Co., 131 Mo. 241; Payne v. R. R., 136 Mo. 562; Weltmer v. Bishop, 171 Mo. 110.

*Henry J. Latshaw* and *W. D. Sumner,* for respondent.

JOHNSON, J.—Action for damages for personal injuries plaintiff alleges were caused by the negligence of defendant. The evidence of plaintiff tends to show that she and her mother-in-law were passengers on an electic street car operated by defendant; that they gave the usual signal for the car to stop at the street corner where they wished to alight; that, as the car slowed down, plaintiff arose and stepped into the rear vestibule where she stood resting her hand on a horizontal rod attached to the car and that just before the car reached the stopping place the motorman turned on the power in a way to jerk the car violently forward, and to throw plaintiff out of the vestibule door into the street and injure her. Further, it appears from the evidence of plaintiff, in corroboration of her theory that the car gave a sudden and violent forward lurch, that her mother-in-law, who had just arisen from her seat, was thrown back into the seat and hurt.

The evidence of defendant very strongly tends to support its contention that there was no jerk of the car; that the mother-in-law was not thrown back into the seat, and that plaintiff, in saying goodbye to her companion, (who was not intending to leave the car at that place), inadvertently stepped off the platform while the car was in motion and fell to the pavement.

The cause is before us on the appeal of defendant from a judgment recovered by plaintiff.

The argument of defendant that plaintiff's version of her injury is so contrary to all known rules of physics as to be incredible is clearly not well grounded, and we shall waste no words on it. The injury could have occurred in the way she claims it did and it was for the jury to say whether or not it did happen in that way. But we agree with counsel for defendant that the court committed prejudicial error in the admission of evidence to which we shall refer. The father-in-law of plaintiff, who was not present at the injury and knew nothing about it until he returned home that evening, was interrogated, over the objections of defendant, about the condition in which he found his wife,—plaintiff's companion at the time of her injury. We quote the testimony: "Q. Now you may state, Mr. Horr, in a general way, without going into details too much, just state in a general way what her condition was when you got home that evening and what it was for some weeks after that." Then came objections by defendant, argument of counsel, and the overruling of the objections, followed by this question: "In other words, was she sick when you got home and for sometime after that?" The witness answered, "She was lying down." Defendant moved to strike out the answer and the motion was overruled. Then counsel for plaintiff asked "How long has she been in that condition after this?" Answered, "She has never gotten over it yet."

The motion of defendant to strike out the last answer was sustained. The testimony admitted, if believ-

ed, could give but the single impression, that the witness found his wife suffering from pain or sickness. The object of eliciting this fact was, as stated by counsel for plaintiff, "to show that at the time plaintiff was injured her mother-in-law was also injured and laid up for some time after that as explaining why the old lady didn't get off the car at the time and to show the force of the jerk."

The general rule against the admission of evidence of what is termed collateral facts thus is stated in 1 Greenleaf on Ev. (13th), sec. 52: "This rule excludes all evidence of collateral facts or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue and to excite prejudice and mislead them; and moreover, the adverse party having had no notice of such a course of evidence is not prepared to rebut it."

The inquiry of the court always should be confined to an investigation of the issues presented by the pleadings and must not be allowed to wander into the field of immaterial or irrelevant facts or circumstances. And while care should be observed to avoid shutting off the light by a too strict exclusion of what might be called weakly relevant circumstancial evidence, still such evidence should be excluded where it tenders an issue not within the legitimate scope of those made by the pleadings and, therefore, one which the party against whom the evidence is offered had no reason to anticipate would be injected into the case. The pleadings told defendant to prepare to meet the issue of a passenger being thrown from the car by a negligently produced forward jerk. Defendant had reason to anticipate that plaintiff would endeavor to support her contention by proof of the effect of the jerk on other passengers and such proof would be proper for the reason, if no other, that it dealt directly with the *res gestae*. But to follow such other passengers to their homes and to show how they were

affected by their injuries would be evidence not pertaining to the *res gestae* and devoid of any but a remote bearing on the issues tendered by the pleadings. Worst of all, such evidence would tend to enlarge into importance and thereby to give undue influence to, at best, a weakly relevant fact of the slightest evidentiary worth and to confuse the jury with false issues of fact. If plaintiff had the right to bolster her account of the injury with testimony of a witness that he saw another passenger, who claimed to have been injured, at home in bed and suffering from pain and sickness, defendant certainly would be entitled to contradict the witness by proof that he did not see the person at all, that she was not in bed, was not sick or in pain, or that if she was sick it was from some other cause. To follow such course could not result otherwise than in the confusion of court and jury in wasting the time of the court and delaying the dispatch of other business. We conclude that the testimony related to a collateral fact and should have been excluded.

The judgment is reversed and the cause remanded. All concur.