## G. W. NORTHCUTT, Appellant, v. SPRINGFIELD CRUSHED STONE COMPANY, Respondent.

Springfield Court of Appeals, January 29, 1914.

1. **APPELLATE PRACTICE: Conflict of Evidence: Conclusiveness of Verdict Under Proper Instructions.** In an action for damages caused by blasting on adjoining property where the evidence is conflicting as to whether or not the plaintiff's property had been damaged, a verdict for defendant is conclusive, the instructions given being proper.

2. **DAMAGES: As Affecting Rental Value of Property: Proper Measure.** In an action ageainst the operators of a stone quarry on adjacent land for damages occasioned by loud noises, where the premises were occupied by a tenant, the court properly restricted the damages to such as affected the rental value of the property.

3. **APPELLATE PRACTICE: Pleadings: Striking Out: Nonprejudicial Error.** Where the jury, under a count charging a nuisance caused by trespass in the operation of a stone quarry, found that the premises of the plaintiff were not damaged, no prejudicial error resulted because of the striking out of a count charging nuisance by negligence.

4. **NUISANCES: Damages: Evidence Properly Excluded.** Action for damages to real property occasioned by the operation of a stone quarry on adjacent land. Evidence properly excluded to the effect that defendant had been enjoined from blasting upon petition of other parties and had violated such injunction.

5. **DAMAGES: Actual: Foundation for Punitive.** Upon a failure of the jury to find any actual damages, the foundation for punitive damages is lacking.

6. **HUSBAND AND WIFE: Evidence of: Exclusion.** Exclusion of testimony of plaintiff's wife was not erroneous, where no offer was made as to what her evidence would be and it was not shown that her testimony would come within the exception of section 6359, R. S. 1909.

7. **DAMAGES FROM BLASTING: Evidence: What Properly Excluded.** In an action for damages to property occasioned by improper blasting on adjoining land, evidence was properly excluded which tended to show that all of the property in that section of town was depreciated in value thereby, as such blasting could be stopped at any time and was not a permanent damage to the property.

8. **———: ———: ———.** In an action for damages to property occasioned by blasting in a quarry on adjoining land, evidence that a rock blown from the quarry during the period covered by the petition, knocked a hole in a house near plaintiff's property, was properly excluded, as the action was for a private nuisance, a special injury to plaintiff's property.

9. **———: ———: Not Prejudicial, When.** In an action for damages to property occasioned by blasting, admission of certain evidence, though erroneous, *held* not prejudicial, the jury having found that the property of the plaintiff was not damaged.

10. **APPEAL AND ERROR: Argument of Counsel: Examination of.** Appellate courts will not reverse a decision merely because some statement is made by counsel outside of the instructions or the record.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

Affirmed.

*John Schmook,* for appellant.

(1) No injury could come to defendant from the presence in the petition of two counts, one predicated

upon nuisance, the other upon negligence, in view of the power and duty of the court to eliminate by instruction. White v. St. Louis & Merimac R. R. Co., 202 Mo. 539. (2) Where defendant has been enjoined from blasting and violated the restraining order, and continued such operations in the face of the order, punitive damages should be recovered. Krebs v. Bambrick Constr. Co., 144 Mo. App. 649. (3) The record in the injunction proceeding should have been admitted. Kirkpatrick v. Met. Street Ry. Co., 211 Mo. 68. (4) If defendant exploded blasts which caused the surrounding earth to vibrate, and to crack the plastering in the houses and throw stones against same, he was guilty of an actionable trespass, regardless of the question of the degree of care employed. Faust v. Pope, 132 Mo. App. 287; Blockford v. Heman Constr. Co., 132 Mo. App. 157. (5) Whether there is evidence of circumstance sufficient to uphold a verdict for exemplary damages, is one for the jury. Pratt v. Pond, 42 Conn. 318; Dye v. Denham, 54 Ga. 224; Smith v. Thompson, 55 Md. 5; Railroad v. Scurr, 59 Miss. 456; Graham v. Railroad, 66 Mo. 536; Nagle v. Mullison, 34 Pa. 48. (6) The landlord may sue though his tenant is in possession. Arnold v. Bennett, 92 Mo. App. 156; Smith v. Morse, 148 Mass. 407; Smith v. Morse, 19 N. E. 393.

*W. R. Self* and *Neville & Gorman,* for respondent.

(1) Punitive damages are not allowable unless actual damages are awarded. Adams v. Railroad, 149 Mo. App. 278; Hoagland v. Amusement Co., 170 Mo. 235. (2) Wife competent witness only where she acted as agent of husband in the matter involved. It must be an action on contract. R. S. 1909, Sec. 6359; Laysen v. Cooper, 174 Mo. 211; Baird v. Bank, 149 Mo. App. 367; Bank v. Wright, 104 Mo. App. 242. (3) Remark of counsel must be shown to be prejudicial and it should clearly appear from the connection and con-

text that they were not a legitimate response to former arguments. Gibbs v. Light & Power Co., 142 Mo. App. 19. (4) Amendment of petition is permitted in the discretion of the court. Greene v. Gallagher, 35 Mo. 226. (5) When owner is not in possession, the damage from noises, etc., are measured only by a depreciation of the rental value. Bielman v. Railway Co., 50 Mo. App. 151; Pinney v. Berry, 61 Mo. 359.

FARRINGTON, J.—This is a suit for damages. Trial by jury and verdict for defendant. Plaintiff appeals.

The action was begun in the circuit court of Greene county on a petition alleging ownership of certain lots in the city of Springfield on one of which was a dwelling and some outhouses, fruit trees, shrubbery, and a cistern, and on another a frame store building, said property adjoining certain property owned by the defendant on which it operated a stone quarry. In carrying on its business, defendant blasted with dynamite and other explosives. The petition charged that the operation of said quarry was a nuisance; that in its operation, the explosions caused pieces of rock to fly and fall upon and against the buildings and trees of the plaintiff, and that the blasting caused plaintiff's buildings and foundations to sag, thereby cracking the mortar and plastering in the house as well as the foundations, and cracking the cistern; that plaintiff was damaged by the noise and the vibrations and concussions caused by the heavy charges of explosives in that it caused nervous shocks to plaintiff's tenants, thereby rendering the property less valuable and destroying the peace and quiet occupancy and enjoyment of the same; that in the operation of defendant's quarry large quantities of limestone dust and earth filled the air and blew over on plaintiff's property, and that noxious gases, fumes and odors were produced and emitted by said explosions rendering the

occupancy of plaintiff's property unhealthful and undesirable for rental purposes; that the property, and the rental value thereof, was greatly depreciated by the maintenance of the nuisance. It was alleged that plaintiff was damaged in his improvements and in the loss of rentals in the sum of $1500; that the acts complained of were wilfully, maliciously and wantonly done, for which punitive damages in the sum of $1000 is prayed.

A trial was had and the jury failed to agree. At a subsequent term of the court the plaintiff by leave first obtained filed an amended petition, the first count of which was the same cause of action as that set up in the original petition, and the second count of which charged the same acts as acts of negligence; in other words, the first count charged a nuisance caused by trespass and the second count charged a nuisance caused by negligence.

The court sustained a motion subsequently filed by the defendant to strike out the second count of the amended petition.

Plaintiff proved that he owned the property in question and rented it. During the time the acts complained of occurred plaintiff resided in Kansas City, and did not occupy the premises at any time during the period covered by the petition. The testimony introduced by plaintiff shows that on his return to Springfield he found that the plastering in his dwelling had become badly cracked, that rocks were thrown on the premises and on the roofs, that the dust, alleged to have been caused by the explosions at defendant's quarry, had blown over his property, that his shrubbery and trees were scarred and broken by flying rocks, and that the foundations had cracked and the floors settled, becoming uneven; that the cistern was cracked; and that when the explosions occurred the concussions caused thereby had jarred the ground,

buildings and windows. Much testimony of this character was introduced by the plaintiff.

The testimony on behalf of the respondent on this phase of the case was in direct and positive conflict with that of the plaintiff. The respondent introduced witnesses who swore that they watched when the explosions occurred and that no such results ensued as were detailed by plaintiff's witnesses. The tenants who had lived in plaintiff's dwelling testified that the condition of the premises was not changed during the time the blasting took place, and that no cracks came in the walls, foundations or cistern by reason of such explosions.

The testimony offered by the plaintiff tended to show a damaged condition of his property which he claimed was caused by the explosions, and that offered by the defendant tended to show that no damage befell plaintiff's property by reason of the explosions. This conflict, followed by the verdict of the jury for defendant, concludes the plaintiff, provided the instructions of the court were proper.

Plaintiff in his motion for a new trial set out twenty-five grounds. In his brief are twelve numbered assignments of error, under which are thirteen subdivisions. The first assignment of error is that the trial court erred in overruling the motion for a new trial. Manifestly, many of the twenty-five alleged grounds for a new trial are entirely without merit, but we believe our discussion will effectually dispose of each one although not given prominence in the opinion.

The court at plaintiff's request gave the following instruction on the measure of damages: "The court further instructs the jury that if they find for the plaintiff they will assess his damages at such sum as they may believe from the evidence will reasonably compensate plaintiff for the injuries, if any, sustained by him directly resulting from the wrongful acts of the defendant complained of, if any, taking into considera-

tion the damage, if any, caused to plaintiff's buildings, trees and improvements, decrease in the reasonable rental value, if any, prior to the institution of this action.''

The plaintiff's refused instruction—''1''—was given by the court of its own motion in a modified form; that is to say, the court modified the instruction so that the damage caused by loud and obnoxious noises occurring during the time tenants occupied the premises, instead of going to the peaceful, quiet and comfortable use, occupancy and enjoyment of the property as plaintiff's instruction required, restricted the damages which might be found to have resulted from such noises to the rental value of the property. The instruction, as modified and given by the court, is as follows: ''The court instructs the jury that if they find from the evidence that plaintiff was at the time of the institution of this action, to-wit, on April 15, 1911, and prior thereto since June 1, 1910, the owner of the real estate and improvements referred to in the evidence as belonging to plaintiff; that the defendant in June, 1910, established near plaintiff's said property a stone quarry and did thereafter operate and maintain the same up to the time of the institution of this suit in such manner that pieces of rock and stone and limestone dust and soil were thrown upon plaintiff's said property, and upon and against the buildings and trees of plaintiff thereon, so as to materially damage the same, that the plaintiff's said land and improvements were caused to shake and the same thereby materially damaged; and that loud and obnoxious noises were caused, during said period of time, which affected the rental value of said property, then the jury will find for the plaintiff.'' The trial court did right in limiting the measure of damages for loud and obnoxious noises which occurred during the time tenants occupied the premises to the rental value according to the decisions in this State. [Bielman v. Rail-

way Co., 50 Mo. App. 151; Pinney v. Berry, 61 Mo. 359; Ivie v. McMunigal, 66 Mo. App. 437; Kellogg v. Kirksville, 132 Mo. App. 1. c. 526, 112 S. W. 296; Long v. Kansas City, 107 Mo. App 1. c. 538, 81 S. W. 909; Bean v. Lucht, 165 Mo. App. 1. c. 181, 145 S. W. 1171.] By this modified instruction, which was the main instruction given, it is plainly seen that the court left it to the jury to determine whether the plaintiff's propery was damaged by flying rocks, dust and earth, and by shaking and concussions, going to the permanent injury, and by loud and obnoxious noises going to the temporary damage while tenants rented, occasioned by the manner in which defendant operated its quarry. The modification of the instruction limited the damages recoverable to the rental value occasioned by the obnoxious noises only. The finding of the jury was that no such damage was sustained by the plaintiff. With this finding go many of the supposed errors.

The authorities cited by appellant in support of his contention that the court erred in striking out the second count of his amended petition are of little value here. Conceding for the argument that the court committed error in striking out this count, it ceased to be prejudicial when the jury found that the premises were not damaged. Plaintiff would have no cause of action for damages regardless of how the defendant operated its quarry so long as no damage was done to his property by such operation.

Appellant complains of the action of the court in excluding evidence offered by him to the effect that the defendant had been enjoined upon the petition of certain persons from blasting as it had been; and evidence by witnesses and by the records that defendant had violated the injunction of the court. This evidence was properly excluded. That was not a proceeding between the parties to this action and was no evidence of either trespass or negligence as affects the plaintiff in this case. Besides, such evidence could only be offered

to show a willful and wanton act of the defendant which would justify the giving of punitive damages, and with a failure of the jury to find actual damages, the foundation for punitive damages was entirely lacking; hence, no prejudicial error in the exclusion of the evidence. [Lampert v. Drug Co., 238 Mo. l. c. 415, 141 S. W. 1095.]

Appellant objects to the action of the trial court in excluding his wife's testimony and in refusing to permit her to testify. The record shows that she was called and admitted she was plaintiff's wife, whereupon the court sustained an objection to her testifying in the case; it fails to show an offer as to what she would testify were she permitted, and of course fails to show that what she would testify would fall within the exception of the statute (Sec. 6359, R. S. 1909).

As to the offer to show that all the property in the same section of the town was depreciated in value on account of the blasting, etc., such offer was properly excluded because the blasting could be stopped any day and was not a permanent damage to the property. [See, Pinney v. Berry, supra, and authorities cited; Ivie v. McMunigal, Kellogg v. Kirksville, Long v. Kansas City, and Bean v. Lucht, all supra.]

The court properly excluded the testimony of plaintiff's witness Tedrick as to the effect produced by a rock blown from defendant's quarry from an explosion in August, 1910 (which was during the period covered by plaintiff's petition), to-wit, that it struck and knocked a hole in one Nickey's house which was near plaintiff's property. This action is for a private nuisance—a *special* injury to *plaintiff's* property.

Objection is made to evidence offered by the defendant that it had a small capitalization, and that its property was incumbered, and that blasting produces concussions and vibrations of the *air,* not of the earth, and that defendant exercised care in its blasting, and

to the defendant showing the amount paid by plaintiff years before for his property. All such objections, whether well taken or not at the time made, have no standing in this court confronted by a verdict that the property alleged to have been damaged was not actually damaged by the operation of defendant's quarry. Besides, at the time the proof was admitted as to the financial condition of the defendant, there was a possibility of plaintiff being allowed punitive damages, and if its admission was error at all, yet, so far as this appeal is concerned, it would not warrant a reversal.

Some objection is made to the remarks of respondent's counsel in his argument to the jury, which argument was of course made after all the evidence had been introduced and the instructions given. This record contains but two excerpts from the argument. One is as follows: "That in contracts for large buildings in the State of Missouri and in Iowa and other States, there is printed a specification requiring the use of Greene county, Missouri, limestone such as is quarried by the defendant." There is nothing in the use of that statement that rises to the dignity of reversible error. Great latitude is allowed in the argument of a case to a jury. The statement was merely commendatory of a product of Greene county, Missouri, where counsel on both sides, the witnesses, the parties, and the jurors, resided. We know of no rule against counsel lauding his client's business. As said in the case of State ex rel. Shipman v. Allen, 144 Mo. App. l. c. 242, 128 S. W. 809: "It might be sufficient to say that jurors are apt to take the remarks of counsel with some grains of allowance; and that some indulgence must be granted to such indiscretions growing out of the fervency and zeal that characterizes advocacy." It certainly cannot be seriously contended that the argument set forth above would even tend to induce the jury to find there was no damage to plaintiff's property as was alleged and testified to by some of plaintiff's witnesses.

The record also shows that respondent's counsel stated to the jury "that plaintiff cannot recover against defendant except for injuries done by rock blasted from defendant's quarry being thrown against and coming into actual contact with plaintiff's property." The record does not show what this branch of the argument was about or as to what particular phase of the case the counsel referred, nor is there any showing that this argument was not a perfectly legitimate reply to some argument made by opposing counsel. It will be remembered that the principal instruction of the court told the jury that if certain facts were found to be true, their verdict should be for the plaintiff. If this branch of the argument was concerning the scars on the trees, and the limbs broken off, and the dust on the house, it was entirely legitimate. In other words, there is not enough shown here to inform us whether the argument was directed to a discussion of the permanent or the temporary damage, both of which are covered by the modified instruction given by the court. In view of the fact that the jury was in the instruction authorized to find and allow damages for "shaking" the land and improvements, and the evidence introduced showed that the "shaking" occurred by reason of the explosions and concussions caused thereby, the argument complained of certainly could not have misled the jury into believing that the court intended to instruct them, or that counsel intended to convey the idea to them, that the earth and improvements were "shaken" by the falling or flying rocks, dust and soil. It is not every statement outside of the instructions or the record that justifies an appellate court in reversing the decision. [Gibbs v. Light & Power Co., 142 Mo. App. 19, 125 S. W. 840.]

The reasons herein given sufficiently support our finding, after careful examination, that no prejudicial error was committed in the refusal of certain instructions requested by the plaintiff.

The nucleus of every suit for damages is a prima-facie showing of damage, and where the prima-facie case fails to convince the jury that any damage has in fact resulted, the basis of the action utterly collapses. The evidence in this case was conflicting on this question. The principal instruction, quoted in this opinion, put the question of damage or no damage squarely to the jury and they have found adversely to the plaintiff. So must it be.

The judgment is affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.