**Robert G. POSTON and Tommie A. Poston, husband and wife, Appellants,**

**v.**

**CLARKSON CONSTRUCTION COMPANY, a Missouri Corporation, Respondent.**

**No. 24215.**

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1966.

Application to Transfer Denied May 9, 1966.

Haskell Imes, Kansas City, for appellants.

Gene Morris, Rogers, Field & Gentry, Kansas City, for respondent.

HOWARD, Judge.

Plaintiffs brought suit for damages to their house allegedly caused by blasting done by the defendant Clarkson Construction Company. Trial to a jury resulted in verdict and judgment for defendant. The prayer of the petition was within the jurisdictional limit of this court.

In view of the issues presented a detailed statement of facts is not required. We will refer to the parties as they appeared below. The defendant Clarkson Construction Company was contractor for the construction of a segment of the Southeast Trafficway (I–70) in Kansas City, Missouri. In performing this contract, defendant conducted a blasting operation to remove a large amount of rock from a cut wherein the highway was to be built in the vicinity of plaintiffs' residence at 3907 East 26th Street, Kansas City, Missouri. The blasting about which complaint is made occurred in the months of April, May and June, 1961. There were many blasts of varying intensity all along the highway right-of-way in this area. Plaintiffs contend that this blasting was of such force and intensity as to cause concussions and vibrations which damaged their house and property by causing cracks in the foundation or basement walls, and plaster of the upstairs walls of the house, cracks in the concrete front porch, in the retaining wall in front of the lot, in the driveway, and in the walls of the concrete block garage. Defendant contended that none of the blasts were of sufficient force or intensity to cause damage to plaster, which was the material involved most vulnerable to damage from blasting vibrations and concussions, and that none of the blasts were sufficient to damage the basement walls, front porch, retaining wall, driveway or garage.

Prior to the commencement of the trial, defendant apparently became convinced that plaintiffs would attempt to offer evidence from other residents in the neighborhood that their houses had been damaged by the same blasting. Defendant therefore presented to the court the case of Schaefer v. Frazier-Davis Construction Co., Mo.App., 125 S.W.2d 897, wherein the opinion was written by Judge Becker of the St. Louis Court of Appeals in 1939. There appears to have been considerable discussion, and perhaps a submission of briefs, on this issue, none of which appears in the record before us although the record does contain references thereto. As a result, the court in chambers prior to trial announced that it felt compelled to follow the ruling in the Schaefer case, supra, and that it would not receive evidence of damage done to other houses in the neighborhood of plaintiffs' house and that witnesses would be limited to describing the force of the shock or vibration from the blast in terms other than the damage to their own residences. The record reveals only one ground for objection urged by the defendant based on the Schaefer case, supra, and this is that to permit testimony by other residents of the neighborhood that their houses had been damaged by the blasting, would introduce collateral issues into the trial.

Plaintiffs introduced eight neighbors as witnesses. These witnesses lived in houses which substantially surrounded the house of plaintiffs. Pursuant to the prior ruling in chambers, the trial court refused to allow any of these witnesses to testify to damage done to their particular house. Apparently plaintiffs' counsel, with the approval of the court, "coached" his witnesses not to mention damage to their property; however, some of the witnesses did refer to such damage. When this occurred the court would sustain an objection thereto, order such statement stricken, instruct the jury to disregard the testimony and admonish counsel for plaintiffs in very strong terms that it was his duty to see that these witnesses did not mention such other instances of damage caused by the blasting. The same rulings were made and the same actions were taken by the court when one witness stated that a blast threw broken rocks onto his property.

It is this action of the trial court in excluding all evidence of other instances of damage caused by the blasting, about which plaintiffs complain on this appeal. This presents the sole issue for our determination. There seems to be no argument against liability of the defendant if it is determined that the damage to plaintiffs' house and property was, in fact, caused by the blasting.

As heretofore stated the trial judge considered himself bound by the decision in Schaefer v. Frazier-Davis Construction Co., Mo.App., 125 S.W.2d 897. It also appears that the trial judge felt himself bound by the construction of the holding in that case contended for by the counsel for defendant, that this case required the exclusion of all evidence of instances of damage to other property caused by the blasting because, and solely because, such evidence would introduce into the trial a collateral matter. Although the opinion in the Schaefer case is far from clear, it is believed that this contention of defendant is erroneous. The briefs considered the Schaefer case in conjunction with the prior case of Gibert v. Evens & Howard Fire Brick Co., 214 Mo. App. 207, 260 S.W. 790, wherein the same Judge Becker of the St. Louis Court of Appeals wrote the opinion in 1924. We shall likewise consider these two cases together.

In the Gibert case plaintiff claimed damage to her house and garage because of cracks in the walls and foundation thereof allegedly caused by blasting in a clay mine operated on the adjoining property by defendant. A witness for plaintiff testified that the same blasting caused cracks in her house. On appeal the court stated that such evidence was properly admitted because the court found that the location of the witness's house, with reference to the point of the blasts, was practically the same as the plaintiff's house. The court also pointed out that defendant's objections to the testimony were properly overruled for the reason that the objections themselves were insufficient because based only on the contention that the evidence was "incompetent and irrelevant". Thus it appears that the St. Louis Court of Appeals affirmed the trial court's action in this case on two grounds (1) the evidence was admissible and (2) the objection was insufficient.

In the Schaefer case the exact nature of the testimony in question does not appear from the opinion. It is summarized as "testimony of owners of other property in the neighborhood of where plaintiffs' property was located, as to alleged damage done to their property as the result of blasting on the part of defendant". Likewise, the nature of the objection interposed to such evidence does not appear; it is merely characterized as "timely objection and exception". The opinion, without discussion concluded that such evidence injected "collateral and immaterial issues * * * into the case", which resulted in surprise to the defendant and which would tend to confuse and mislead the jury. The opinion does not throw further light on the factual background of this issue, but plaintiffs in the present case in their brief state that they have examined the transcript and briefs filed in the Schaefer case, and that therein the appellant contended that the evidence under consideration did not concern houses which were in any way similarly situated to the house of the plaintiff; one house was located two and one-half blocks from plaintiff's house and there was a mud seam underlying it which resulted in a cave-in of the supporting earth and consequent damage to the house and that no like occurrence affected plaintiff's house. The opinion not only referred to this as being "collateral" but also as "immaterial". It would thus appear that the ruling of the court in the Schaefer case was based upon a determination that the evidence was not logically material to the issue of damage to plaintiff's property because the witnesses' houses were not so situated as to be similar to the house of plaintiff. The court thus determined that the testimony was immaterial to the issues involved and therefore injected into the case an erroneously collateral issue.

This conclusion is buttressed by a consideration of the cases cited in support of this ruling by Judge Becker. These are: "Rourke v. Holmes R. Co., 221 Mo. 46, 119 S.W. 1094, 133 Am.St.Rep. 468; Northcutt v. Springfield Crushed Stone Co., 178 Mo. App. 389, 397, 162 S.W. 747; Horr v. Kansas City Elevated R. Co., 156 Mo.App. 651, 137 S.W. 1010."

In the Rourke case plaintiff claimed damage to his property from the construction and operation of an elevated street railroad along 8th Street from Walnut to the west in Kansas City, Missouri. He claimed damage by reason of encroachment on his easement for light and air and ingress and egress to his property on the corner of 8th and Main Streets. On the issue of damages defendant introduced evidence of increased rental value of other property in the neighborhood, some of which was a block or more away and on another street. It appears, at least inferentially, that the elevated railway did not run alongside this property. The court held that such evidence was not logically material to the issue of the amount of damage done to plaintiff's property; that it did not throw any light on the question of plaintiff's damage, and therefore introduced a collateral issue which tended to confuse and mislead the jury.

In Northcutt, plaintiff sued for damages to his property on the theory of private nuisance, which cause of action requires a special damage to the plaintiff different from that suffered by the general public, and the court therefore held that a showing of specific damage to other property was not admissible on the issue thus presented. In the Horr case plaintiff sued for personal injury claimed to have resulted when a sudden jerk of the street car caused her to fall off the platform. There was evidence that the same jerk threw her mother-in-law back into her seat and caused her injury. Plaintiff was then allowed to show, through the testimony of her father-in-law, that when he arrived home that evening his wife was still sick and she had not recovered from her injury up to the time of the trial. It

was held that the extent of injury to another passenger had no relevancy to the issue of either the cause or the extent of injury to the plaintiff, and that therefore it was entirely collateral and not admissible.

From a consideration of these authorities relied on by Judge Becker in the Schaefer case, it appears that his fundamental ruling therein was that the evidence of damage to other property not shown to be situated similarly to that of plaintiff was immaterial and had no relevance to the issue in the case and, therefore, and as a result of such lack of relevancy, introduced an impermissible collateral issue into the case, which, because of its irrelevance, would amount to an unreasonable surprise to the opposing party and tend to confuse the jury. On this basis the holding in the Schaefer case is consistent with the conclusion reached by courts in comparable cases in Missouri and elsewhere, whereas, if his ruling were (as apparently contended by defendant) that any and all evidence of damage to other property was inadmissible solely because it would introduce a collateral issue into the case, such holding would be in conflict with the established rulings of the Missouri Supreme Court and of the appellate courts throughout the country.

As is demonstrated in 2 Wigmore on Evidence, 3rd Ed., Section 442, page 424 and Section 443, page 427, the capacity of a force (such as the blast here in question) to cause damage must be demonstrated on trial by circumstantial evidence for the simple reason that one cannot observe the concussions or vibrations that travel through the air or the earth and cause damage to the house in question. On the issue of whether or not the blast was of sufficient force or severity to cause the damage in question, evidence that it caused damage to other structures similarly situated has probative force. Thus if plaintiffs were permitted to prove by testimony of the witnesses here produced that the blasts caused damage to the houses surrounding plaintiffs' house, such evidence would be directly and logically

material to the issue and could properly be considered in determining whether or not these self same blasts caused the damage to plaintiffs' house. It would be very strange if the blasts were of sufficient strength and force to damage houses all around plaintiffs' house and yet the plaintiffs' house escaped damage caused by the blasts, but by sheer coincidence the plaintiffs' house at the self same time suffered damage in the form of cracked walls etc., which damage was caused by settlement of the earth and not by the blasts.

As is pointed out by Wigmore, supra, the objections of surprise to the opposing party and confusion to the jury from the introduction of these supposedly collateral issues is more apparent than real. In the instant case, it is apparent that there was no surprise since defendant sought and got a ruling on this very matter prior to the commencement of the trial. As to the matter of confusion of the jury, it is doubtful if such confusion would, in fact, result, but in any event, such confusion as might exist must be balanced against the hardship to be caused by denying plaintiffs the right to use evidence which is logically relevant to the issues presented. We should also consider that such evidence may well be the only method by which a plaintiff can prove his case. As is concluded by Wigmore, we feel that depriving the plaintiffs of such logical evidence is too great a price to pay to avoid some supposed confusion.

■ Such evidence of other instances of similar result from a common cause are only logically relevant when the essential circumstances are sufficiently similar to exclude a reasonable likelihood of the same result being produced by a different cause in the two instances. This is expressed by Wigmore, as follows, 1. c. 425: "The general logical requirement is, then, that when a thing's capacity or tendency to produce an effect of a given sort is to be evidenced by instances of the same effect found attending the same thing elsewhere, these other instances have probative value—i. e. are relevant—to show such a tendency or capacity *only if the conditions or circumstances in the other instances are similar to those in the case in hand."* Wigmore goes on to point out: "The similarity that is required is, in short, a similarity in essential circumstances, or, as it is usually expressed, *a substantial similarity, i. e.,* a similarity in *such circumstances or conditions as might supposably affect the result in question."* See also 32 C.J.S. § 584, p. 713.

The Missouri courts in other cases considering other fact situations have repeatedly recognized that where the same result is produced in several instances under the same circumstances, the other instances of such result are admissible to show that the result at issue was caused by the circumstances shown. Thus in Albers Milling Company v. Carney (Mo.), 341 S.W.2d 117, defendant counterclaimed for damage to his turkey flock, by reason of feeding moldy feed supplied by plaintiff, which resulted in the turkeys becoming ill and dying. Defendant produced four witnesses to show a like result in their flocks from feeding the same moldy feed. In considering the admissibility of the evidence as to the other instances of damage from moldy feed, the court said, 1. c. 123:

"We think the court erred in sustaining the objections to said offers or proof. The evidence appears to have been material and relevant. The fact that other growers using plaintiff's feeds (furnished by Moreland) received moldy feed from the same lot and about the same time defendants received the feed complained of would tend to corroborate defendants' testimony to the effect that he received moldy feed. Also, the testimony of those witnesses that their turkeys became ill of the same disease that afflicted defendants' turkeys, immediately after they ate the same type of moldy feed, would tend to prove that said disease is caused by the consumption of moldy feed. Our view that the evidence was admissible is supported by the following cases: Swift & Co. v. Morgan & Sturdivant, supra [5 Cir., 214 F.2d 115(4), 49 A.L.R.2d 924];

Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87[7], and Brendel v. Union Electric Light & Power Co., Mo.Sup., 252 S.W. 635. See also 32 C.J.S. Evidence § 584, p. 438."

Likewise, in the early case of Brendel v. Union Electric Light & Power Co., Mo., 252 S.W. 635 the Supreme Court held that where the essential conditions under which two or more similar results occur are the same or very similar, evidence of other instances of the same result constitutes evidence relevant to the issue of the cause of the happening in issue at bar, and such evidence is admissible. It has repeatedly been held that where the circumstances are the same or very similar, other instances of the same result are admissible to prove that the same result in the case on trial springs from the common cause. See Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87; Golden v. C. R. I. & P. Ry. Co., 84 Mo.App. 59; E. C. Robinson Lumber Co. v. Lansdell, 215 Mo.App. 357, 253 S.W. 24; Cunningham v. City of Springfield, 226 Mo. App. 23, 31 S.W.2d 123, and Gober v. Revlon, Inc. (CA4) 317 F.2d 47.

No Missouri case considering this exact question in relation to blasting has been cited other than Gibert v. Evens & Howard Fire Brick Co., 214 Mo. 207, 260 S.W. 790, and Schaefer v. Frazier-Davis Construction Co., Mo.App., 125 S.W.2d 897, heretofore considered, and our research has revealed none. However, other courts have considered the question. Thus in Whitman Hotel Corp. v. Elliott & Watrous Engineering Co., 137 Conn. 562, 79 A.2d 591, the Supreme Court of Connecticut held that evidence of damage caused to another building farther away from the scene of the blasting than plaintiff's building was relevant to prove the causal connection between the blasting and the damage to plaintiff's building. The court said, 1. c. 79 A.2d 597: "Another group of rulings admitted testimony of damage done by the defendants' blasting to property at a greater distance from the point of the explosions than the plaintiffs' property. This evidence was relevant to the claim of the plaintiffs that the force of the explosions was sufficient to cause the damage of which they complained and, therefore, had a bearing on proving the causal connection between the blasting and the damage to them".

Likewise in Benson v. Weaver (Court of Civil Appeals of Texas), 250 S.W.2d 770, affirmed, Weaver v. Benson (Sup. Court of Texas), 152 Tex. 50, 254 S.W.2d 95, it was held that it was error to exclude evidence of damage caused by the blast in question to another building closer to the scene of the blast than was plaintiff's building. The court rejected the argument that such evidence should be excluded because it introduced collateral issue into the trial. The opinion pointed out that such evidence of damage to another building would tend to show the force of the blast and its destructive power and was relevant evidence properly to be considered by the jury in determining whether or not the force of the blast was sufficient to, and did, damage plaintiff's building. See Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547; Louisville & N. R. Co. v. Lynne, 199 Ala. 631, 75 So. 14; Ledbetter-Johnson Co. v. Hawkins, 267 Ala. 458, 103 So.2d 748; Linforth v. San Francisco Gas & Electric Co., 156 Cal. 58, 103 P. 320. In all of these cases the courts held that evidence of blasting damage to other buildings was admissible to show the "force, character and extent" of the explosions in question and that such evidence bears directly upon the issue of whether the same explosions were of sufficient force to, and did, cause the damage to plaintiff's property.

In the case at bar the houses of the witnesses in question were in the same neighborhood as plaintiffs' house. Some were closer to the highway right-of-way where the blasting occurred, and some were farther away. They pretty well surrounded plaintiffs' house. Evidence that the blasting here in question did in fact damage some or all of these other houses would be logically relevant to the sole issue which was raised in this case, of whether or not the

blasts were of sufficient force to cause the damage to plaintiffs' property. This, of course, presupposes that all of the circumstances such as the location of the house, the construction thereof, and any possible intervening cause of damage, were substantially similar to plaintiff's situation. Nothing to show any dissimilarity appears in the record now before us.

 There was no question here but that plaintiffs' house did in fact have numerous cracks in the plaster walls upstairs, the basement walls, the concrete porch, the retaining wall, the driveway and the concrete block garage. The real issue was whether or not these cracks were caused by the blasts set off by defendant, as plaintiffs claim, or by settlement of the house not connected with the blasting, as defendant claimed. We therefore conclude that such proffered evidence was logically relevant to this issue. It was admissible and the trial court erred in excluding it.

Plaintiffs also complain of the trial court's refusal to admit an exhibit into evidence. This exhibit is not contained in the transcript and has not been filed with this court. It is not before us for examination and we can not rule thereon. Since the case will be retried plaintiffs' attorney can no doubt remedy any defects in his submission of this exhibit if he is so advised.

Plaintiffs also complain that the trial court erred "in refusing to submit the issue under Count II of plaintiffs' petition to the jury which was for punitive damage". At the close of all the evidence, defendant filed a motion for directed verdict and the court indicated that it would deny the motion as to Count I, which was for compensatory damage, and would sustain the motion as to Count II, which was for punitive damages. Before the court entered its order it specifically gave plaintiffs' attorney an opportunity to take any action that he might see fit. After discussion off the record, plaintiffs' attorney announced that he involuntarily dismissed Count II

without prejudice. Since the use of involuntary nonsuits has gone out of our practice, and since this action pertains only to that part of the cause of action referring to punitive damages, which can not stand alone but which are recoverable only in the event of the recovery of compensatory damages, there is nothing before us for review in this matter. This case must be retried and in view of the fact that plaintiffs dismissed Count II without prejudice, they will be free to amend their petition as they may be advised before such retrial.

For the error noted in the exclusion of evidence, the judgment herein is reversed and the cause remanded for new trial.

CROSS, P. J., concurs.

BLAIR, J., not participating.