## COMMERCIAL CASUALTY INSURANCE COMPANY V. LESTER J. HAMRICK.

No. 6591. Decided May 27, 1936.
(94 S. W., 2d Series, 421.)

*John D. Reese,* of McKinney, *John C. Reed, W. F. Bane,* both of Dallas, for plaintiffs in error.

Jury's findings were so contradictory to the evidence as to require the court to set aside the verdict and grant defendant a new trial. Gulf Ry. v. Walters, 107 S. W., 369; Galveston, H. & S. A. Ry. Co. v. Wiemar, 3 S. W. (2d) 874; Gulf, C. & S. F. Ry. Co. v. Coffman, 11 S. W. (2d) 631; American Natl. Ins. Co. v. Walker, 256 S. W., 950.

*L. J. Truett,* of McKinney, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

A full statement of this case is made by the Honorable Court of Civil Appeals in its opinion reported in 60 S. W. (2d) 247. The questions presented to this Court for decision are few and a condensed statement is all that is required for an understanding of the ground of our decision of those questions. Hamrick will be referred to as plaintiff and the insurance company as defendant.

Plaintiff sued defendant on a policy of health and accident insurance. By the terms of the policy the general indemnity provided for was $150.00 per month for bodily injury sustained solely through external, violent and accidental means, and resulting in total and continuous disability. For the specific injury of the loss of a foot the policy fixed the indemnity at $750.00. This was in lieu of all other indemnity. Plaintiff's petition was in separate counts, two of which will be noticed. In one count he alleged: That while the policy was in full force and effect he sustained a bodily injury solely through external, violent and accidental means by the skidding of an automobile in which he was riding into a ditch at a time when the ground was covered by ice; that, as a result either of being thrown against the car or of a fall on the ice after he got out of the car, his left leg was severely cut and bruised between the knee and the ankle; that after the injury the condition of his leg grew steadily worse; and that by reason thereof it became necessary to have same amputated just below the knee, and in that way he suffered the loss of a foot. For the specific injury of the loss of a foot he prayed for judgment for $750.00, as liquidated damages, in accordance with the terms of the policy.

In another count he alleged, in the alternative, that if, for any reason he was not entitled to recover for the specific injury of the loss of a foot, the injury sustained in the accident alone, from the date it was suffered, wholly and continuously disabled him from performing any and every duty

pertaining to any business or occupation for a period of six months, during which time he was under the regular attendance of a qualified physician. In this count he sought judgment, as for general indemnity, at the rate of $150.00 per month for a period of six months. As applicable to all counts of his petition, he prayed for penalties and attorney's fees.

The case was submitted to a jury on special issues, the ones presently material, with the answers of the jury thereto, being as follows:

"Special Issue No. 1.

"Do you find from the preponderance of the evidence that on or about Jan. 15th, 1930, plaintiff, while driving an automobile, sustained a bodily injury solely through external, violent and accidental means? Answer, Yes.

"Special Issue No. 2.

"Do you find from the preponderance of the evidence that the injury, if any, received by plaintiff at the time of the accident in question, alone rendered necessary the amputation of plaintiff's left leg? Answer, Yes.

"Special Issue No. 3.

"Do you find from the preponderance of the evidence that such injury so sustained, if any, at the time of the accident, resulted directly, and exclusively of any other cause, in an immediate continuous and total disability that prevented plaintiff from performing any and every duty pertaining to his business or occupation? Answer, Yes.

"If you have answered Special Issue No. 3 'Yes', then you will answer Special Issue No. 4; otherwise you will not.

"Special Issue No. 4.

"How long did such total disability continue? Answer, Five and one half months.

"Special Issue No. 10.

"Do you find from the preponderance of the evidence that said diseased and unsound condition of said limb, if any, was the sole cause or contributed to cause the necessity, if any, of the amputation of said left leg. Answer, No."

It is apparent that the answers of the jury were favorable to the plaintiff on both counts of his petition. With the findings in this condition, plaintiff filed his motion in the trial court for judgment for $825.00, that being the amount accruing at $150.00 per month for five and one half months, besides penalties and attorney's fees. The motion was granted and judgment entered accordingly. The Court of Civil Appeals affirmed the judgment of the trial court.

The only questions presented for decision by the petition for writ of error relate to the answers of the jury to special issues Nos. 2 and 10. One assignment presents that there is no evidence supporting the answers to these issues, and another assignment presents that the Court of Civil Appeals erred in not making more specific findings of fact relative to these same issues. Under our view of the record these assignments may be disposed of on one single ground.

As above noted, the judgment was not for the loss of a foot, but was for general indemnity at the rate of $150.00 per month for five and one half months of total disability. The only findings which are challenged here are Nos. 2 and 10, both relating to the questions of specific injury from the loss of a foot. Should we sustain the assignments and hold that, as a matter of law, the evidence establishes that the injury received by plaintiff in the accident did not alone render necessary the amputation, but that the diseased and unsound condition of his leg prior to the injury was the sole, or a contributing, cause thereof, there would still remain ample support in the verdict for the judgment rendered. The reason why the trial court rendered judgment for general indemnity, rather than an indemnity for a specific injury, does not affirmatively appear in the record, but we must conclude, in justification of its judgment, that the trial judge agreed with defendant's contention that there was no evidence supporting the answers to Issues 2 and 10. Otherwise, the only judgment warranted by the verdict was one for $750.00, besides penalties and interest. This for the reason that the policy provides that indemnity for a specific injury is in lieu of all other indemnities. The record presented to us discloses that the judgment is based upon the answers to Issues 1, 3 and 4. These answers, as noted, are not challenged and afford ample support for the judgment.

We cannot assume that the amputation lengthened the period of disability. In fact, we do not have jurisdiction to consider that question, for it is not assigned. Without considering or discussing the particular assignments brought here in the application, we hold that, if they disclose error, it is manifestly harmless.

The judgment of the Court of Civil Appeals, which affirms that of the trial court, is affirmed.

Opinion adopted by the Supreme Court May 27, 1936.