## BUTLER v. ÆTNA CASUALTY & SURETY CO. et al.

### No. 10241.

Court of Civil Appeals of Texas. San Antonio.

Feb. 2, 1938.

Rehearing Denied March 3, 1938.

Maude F. Butler, of San Antonio, for appellant.

A. V. Knight, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by appellant, Maude F. Butler, in the district court of Bexar county, Thirty-Seventh judicial district, against Albert W. West, Jr., former sheriff of this county, and a number of his deputies; also against the Aetna Casualty & Surety Company, a corporation, as surety on the bond of Albert West, Jr., seeking to recover the sum of $100,000 actual damages and $75,000 exemplary damages, alleged to have resulted from the arrest and incarceration of appellant by West and his deputies. The trial was to a jury who found, in answer to questions propounded to them by the court, that the deputies who arrested appellant, Maude F. Butler, were acting within the scope of their authority as peace officers; that appellant was not damaged as the result of her imprisonment; that the arrest was not made with ill feeling or malice; and that she was not entitled to recover any exemplary damages. The trial court, in keeping with the findings of the jury, rendered judgment that appellant take nothing by reason of her suit, and from this judgment Mrs. Maude F. Butler has prosecuted this appeal.

Appellant has not filed any formal assignments of error, but presents what she terms "points presented by this appeal by errors," which are as follows:

"1st: The facts presented in this case will have to stand on the law governing causes, such as irrelevant, immaterial matter having no connection with said cause, such as will be referred to in Assignment No. 1-Tr-p-57.

"2nd: When a charge is presented to a jury, such a charge should constitute the real facts brought out by the various witnesses as relevant and material matter pertaining to the law. T-p-58.

"3rd: When a charge is given to a jury, the law of facts should be presented as one of the special issues, most important to a cause tried before them. Tr-p-59.

"4th: The Court should instruct the jury, during arguments pro and con that the jury will not become biased or prejudiced. T-p-60."

The references to the transcript are to what purport to be bills of exception which are not signed by the trial judge, and, according to an affidavit filed by the clerk, the trial court purposely declined to sign these purported bills of exception.

The assignments of error, or points, present nothing for review in this court. Accordingly, the judgment of the trial court will be affirmed.