### SELLERS v. GREAT SOUTHERN LIFE INS. CO.

**No. 10312.**

Court of Civil Appeals of Texas. San Antonio.

May 25, 1938.

Rehearing Denied June 29, 1938.

H. H. Jones and Harry A. Nass, both of San Antonio, for appellant.

Vinson, Elkins, Weems & Francis, Fred R. Switzer, and Simon Frank, all of Houston, for appellee.

MURRAY, Justice.

This cause was submitted in this Court on April 27, 1938, and on the day of submission appellant filed a motion asking for a postponement .of the submission of the cause, for the reason that her attorneys had just discovered certain interlineations in the statement of facts, which were not in the handwriting of the official court reporter who prepared the statement of facts, and which had been made after the court reporter had filed the statement of facts with the clerk of the trial court.

There is no contention made that the interlineations had not been made before the attorneys for both sides agreed to the statement of facts and the same was approved by the trial judge.

Under such circumstances, we find no good reason why submission should have been postponed, and therefore overrule the motion and hold the cause was properly submitted in its regular order on the docket.

This suit was instituted in the 57th District Court of Bexar County by Mabel Kline Sellers against Great Southern Life Insurance Company, seeking to recover upon a life insurance policy of the life of Burrell Oscar Sellers, now deceased. The policy provided for the payment of the sum of $60 per month for a period of ten years.

The trial was begun to a jury, but at the close of the evidence, by agreement of both parties, the jury was discharged and the cause submitted to the court for his determination on both the facts and the law. Thereupon the court proceeded to render judgment against Mabel Kline Sellers, and in favor of the Great Southern Life Insurance Company, from which judgment Mabel Kline Sellers has prosecuted this appeal.

At the request of appellant the trial judge made and filed the following findings of fact:

"1. That on or about December 28, 1926, the defendant, Great Southern Life Insurance Company, issued and delivered its policy of insurance No. 156041, bearing date of December 28, 1926, upon the life of Burrell Oscar Sellers, said policy providing for an annual premium of $212.16, payable in advance on the 28th day of December each year until insured's death, or until he attained the age of 85, said policy obligating the insurer in the event of insured's death to pay upon the terms and conditions therein stated to Mabel Kline Sellers, the beneficiary, the sum of $60.00 per month for 120 months, the first monthly payment to be made immediately upon receipt of proof of death, a copy of which policy is hereto attached and marked "Exhibit A."

"2. That said insured died May 10, 1932.

"3. That on May 25, 1933, Carter & Carter, attorneys of San Antonio, then representing the plaintiff herein, wrote the defendant a letter demanding payment on said policy, which letter was received by the defendant in the due course of mail, and was answered by the defendant on May 26, 1933.

"4. That no sum has been paid by the defendant to the plaintiff herein on account of the amount alleged to be due upon said policy of insurance.

"5. The following transactions with reference to premium payment, premium notes and policy loans were had between the insured and the insurer, Great Southern Life Insurance Company:

"(a) The first annual premium in the sum of $212.16, due December 28, 1926, was paid in cash to the insurer, and recorded on its permanent records January 7, 1927.

"(b) The second annual premium due December 28, 1927, was handled thus:

"The insured paid to the insurer in cash on account of said premium the sum of $112.16, which was recorded 'paid' on the insurer's original record January 25, 1928.

"The insured also executed and delivered to the Great Southern Life Insurance Company his premium note dated December 28, 1928, for the sum of $100.00, said $100.00 note and $6.00 interest, being interest on $100.00 for a year, were paid to the insurer, and payment recorded by it on its permanent record December 29, 1928, and said note was surrendered to the insured.

"(c) On December 28, 1928, the insured in extension of the third year's premium gave a note for $212.16, the amount of said premium, said note being due December 28, 1929, which note and $10.60 interest due November 2, 1929, was on the permanent records of the insurer recorded 'Paid November 2, 1929,' and said note was surrendered to the insured.

"(d) Bearing date of October 31, 1929, insured executed his policy loan note in the sum of $200.00, due on or before December 28, 1929, same being recorded on the permanent loan and lien records of the insurer November 2, 1929.

"On November 2, 1929, the insured paid to the insurer $24.76, being the difference between the amount necessary in excess of the $200.00 policy loan note to retire the $212.16 premium note due December 28, 1929, and interest in the sum of $10.60, accrued thereon to November 2, 1929, and $2.00 interest in advance on the $200.00 policy loan note to its due date, which was December 28, 1929. The account between the insurer and the insured being settled thus:

| | |
|---|---|
| Policy loan note executed to the insurer | $200.00 |
| Cash paid to the insurer | 24.76 |
| | $224.76 |
| Amount of premium note | $212.16 |
| Interest on premium note to November 2, 1929 | 10.60 |
| Interest on policy loan note to December 28, 1929 | 2.00 |
| | $224.76 |

"6. I find that by reason of the above transaction all premiums accruing prior to the one due December 28, 1929, had been paid, and there was on December 28, 1929, a valid lien upon said policy, as evidenced by the said policy loan note dated October 31, 1929, due December 28, 1929, for the sum of $200.00, a copy of which is hereto attached and marked 'Exhibit B.'

"7. The policy sued upon does not have any endorsement made thereon of the said policy loan.

"8. The insured failed to pay the said $200.00 policy loan note due December 28, 1929, and on or about January 7, 1930, in consideration of the payment of $12.00 interest thereon in advance to December 28, 1930, the maturity date of said note was extended until December 28, 1930.

"9. The fourth annual premium due December 28, 1929, was never paid. The insured, in extension of the time of payment of said premium, gave his premium note dated December 28, 1929, for the sum of $212.16, due July 1, 1930, same being recorded on the permanent records of the insurer January 7, 1930, a copy of which premium note is hereto attached and marked 'Exhibit C'. The said note was not accepted by the insurer in payment or discharge of the premium due December 28, 1929, but the insured gave said note, and the insurance company accepted the same, as a means of extension till July 1, 1930, the due date of the premium due December 28, 1929.

"10. The said premium note dated December 28, 1929, due July 1, 1930, was not paid when due, or at any subsequent date, and no interest was ever paid thereon, and no part of the principal was ever paid.

"11. The policy loan note for the sum of $200.00, originally due December 28, 1929, and extended to mature December 28, 1930, was not paid on or before December 28, 1930, or at any subsequent date, and the interest thereon due in advance on December 28, 1930, and 1931 was never paid, and no part of the principal was ever paid.

"12. That neither the insured, nor any one for him, paid or tendered to the insurer any part of the annual premiums due December 28, 1930, and December 28, 1931."

█ Appellant presents the following four points as the basis of her appeal, to-wit:

"1st. Findings of fact, upon which a judgment is predicated must be supported by the evidence before the court.

"2nd. It is error for a court to conclude as a matter of law, that there was a cancellation of an insurance policy, in a general manner, when the pleadings supporting the evidence relied upon are specific as to the date, and the court makes no specific finding of fact showing the date of cancellation in accordance with the pleadings.

"3rd. 'Lapse Sheets,' the same being a record or memorandum made by an agent or employee of the company, kept for the purpose of showing the company what policies were not in force, are self- serving declarations coming within the meaning of a rule of hearsay evidence, and are not admissible in an action on a policy.

"4th. No duty rests upon the insured to pay premiums on a policy of life insurance, from and after the date that the company declares said policy of insurance cancelled."

The points are mere abstract statements of law, they do not point out any act or ruling on the part of the trial court which was erroneous, they do not constitute specifications of error sufficient to invoke the jurisdiction of this Court in the absence of fundamental error. Roberson v. Hughes, Tex.Com.App., 231 S.W. 734; Natkin Engineering Co. v. Aetna Casualty & Surety Co., Tex.Com.App., 37 S.W.2d 740; Blackmon v. Trail, Tex.Com.App., 12 S.W.2d 967; Bustamante v. Haynes, Tex. Civ.App., 55 S.W.2d 137; Lamar-Delta County Levee Improvement Dist. No. 2 v. Dunn, Tex.Com.App., 61 S.W.2d 816; Commercial Casualty Ins. Co. v. Hamrick, 127 Tex. 403, 94 S.W.2d 421; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Sweatt v. Tarrant County, Tex.Civ.App., 108 S.W.2d 700; Stout v. Sommers, Tex. Civ.App., 28 S.W.2d 247; Sommers v. Stout, Tex.Com.App., 44 S.W.2d 901; Kennedy v. McMullen, Tex.Civ.App., 39 S.W. 2d 168; Guaranty Mortgage & Realty Co. et al. v. L. E. Whitham & Co., Tex.Civ. App., 93 S.W.2d 512; Still v. Moffett, Tex. Civ.App., 93 S.W.2d 756; Western Union Life Co. of Houston v. Ensminger, Tex. Civ.App., 103 S.W.2d 162; Butler v. Aetna Casualty & Surety Co., Tex.Civ.App., 113 S.W.2d 971.

The findings of fact made by the trial court amply support the judgment and it is accordingly affirmed.