### PEACOCK et al. v. MISSOURI–KANSAS– TEXAS R. CO. OF TEXAS.

No. 2292.

Court of Civil Appeals of Texas. Waco. Feb. 13, 1941.

Rehearing Denied March 6, 1941.

Walter L. Wray and J. F. Rose, both of Hillsboro, for appellants.

Naman, Howell & Boswell, of Waco, and Sam H. Allred, of Hillsboro, for appellee.

RICE, Chief Justice.

This suit was instituted by appellants, Mrs. B. H. Peacock, et al., herein styled plaintiffs, against Missouri-Kansas-Texas Railroad Company, appellee, styled defendant herein, for damages to plaintiffs' land and crops, allegedly caused by the act of defendant in diverting surface water from its natural course and in allowing Johnson grass to seed on its right-of-way. The jury, in answer to special issues, found for the defendant, and plaintiffs appealed.

Plaintiffs' first assignment of error is that the trial court erred in refusing to grant their motion for new trial because the answer of the jury to special issue No. 6 was against the great weight and preponderance of the testimony and the admission of the defendant. Special issue No. 6 as submitted by the court is as follows: "Do you find from a preponderance of the evidence that the defendant company diverted water from the Arnold farm into and over plaintiffs' farm?" to which the jury answered "No."

The record before us supports plaintiffs' contention that the answer of the jury to said issue was against the great weight and preponderance of the testimony. However, it is our opinion that this assignment of error should be overruled, because special issue No. 6 and the answer thereto were rendered immaterial by the jury's answers to subsequent issues, all of which are unquestionably supported by the evidence.

In answer to special issues submitted to it, the jury found substantially as follows: The diversion of water, if any, from the Arnold farm to plaintiffs' farm was not the proximate cause of the damage to plaintiffs' cotton crop; such diversion of water, if any, was not the proximate cause of the damage to the top soil of plaintiffs' land; the plaintiffs suffered no monetary damage to their cotton crop or to the top soil of their land by the diversion of water, if the same was diverted; the plaintiffs constructed levees upon their land in such manner as to concentrate water and to cause the injury and damage complained of; the construction of such levees was negligence; and such negligence was a proximate cause of plaintiffs' damage.

It is readily apparent that had the jury answered "Yes" to special issue No. 6, plaintiffs would not have been entitled to recover against the defendant, because of the findings of the jury hereinabove set out. We are of the opinion that the judgment of the court had ample support in the answers of the jury to the other special issues submitted to it, and that special issue No. 6 and the answer thereto should be disregarded. Brokaw v. Collett, Tex.Com. App., 1 S.W.2d 1090; Austin v. De George, Tex.Civ.App., 55 S.W.2d 585; Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869; Commercial Casualty Ins. Co. v. Hamrick, 127 Tex. 403, 94 S.W.2d 421; Id., Tex.Civ.App., 60 S.W.2d 247; St. Louis Southwestern R. Co. v. Neely, Tex. Civ.App., 296 S.W. 948.

Plaintiffs' assignments of error to the trial court's failure to grant a new trial because of alleged misconduct of the jury are overruled. From a careful reading and consideration of the record before us, we are of the opinion that the trial court properly exercised his discretion in denying plaintiffs' motion for new trial. In support of their motion, plaintiffs placed upon the witness stand only one of the jurors. The testimony of this juror on direct examination was inconsistent with and contradictory of his testimony on cross-examination in respect to the material matters involved. The trial court, by his judgment overruling

the motion for new trial, in effect held that the alleged misconduct did not occur. On such hearing, the trial court is accorded the same latitude in passing upon the credibility of the witnesses and of the weight to be given to their testimony as the jury had upon the trial of the original cause. If there be any inconsistencies or contradictions in the testimony of the witnesses upon the hearing of the motion for new trial, it rests within the sound discretion of the trial court to harmonize and reconcile such conflicts so far as possible. A juror's testimony upon such hearing may be so contradictory and inconsistent that the trial court, in passing upon the credibility of the witness, may be justified in disregarding his entire testimony. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770, 771; Bradley v. Texas & P. R. Co., Tex. Com.App., 1 S.W.2d 861; Houston & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S.W. 606.

The judgment of the trial court is affirmed.