# Harbison-Walker Refractories Company v. Scott.

## Damage from Blasting.

(Decided February 12, 1914.   64 South. 547.)

1. *Negligence; Wanton; Allegations.*—The complaint examined and held to sufficiently allege wanton negligence in blasting; the allegations characterizing the extent of the blasting, and the quantity of explosives used, and not merely the act of blasting.

2. *Evidence; Expert Testimony.*—The fact that a question to an expert will require an answer which practically affirms or denies a matter material to the issue does not render the question an improper one.

3. *Same.*—Where the action was for damages to property by blasting it was competent to ask an expert witness whether the blasting was heavier than was reasonably required to remove solid rock, and whether solid rock could not be removed with less severe blasting; even if that was the question at issue.

4. *Same; Best Evidence.*—On the question of whether a grantor conveyed a lot to plaintiff or to another, the deed was the best evidence.

5. *Explosives; Wanton Injury; Jury Question.*—The evidence examined and held to make the question of wanton negligence by heavy or excessive rock blasting a question for the jury.

6. *Same; Evidence.*—Where the action was for damages to property by the use of excessive explosives and rock blasting, evidence of the vibratory effect upon other buildings in the neighborhood was admissible as showing the character and extent of the explosives used.

7. *Same; Instructions.*—Where the action was for damages to property by rock blasting, a charge asserting that the burden was on plaintiff to show that defendant used dynamite in excess of what was reasonably necessary to remove the rock, excluded from consideration other negligent blasts than those which resulted from an excess of explosives, and was hence, properly refused.

(Anderson, C. J., and McClellan and Mayfield, JJ., dissent in part.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by Dixie Davis Scott against the Harbison-Walker Refractories Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The ninth count is as follows: "Plaintiff claims of defendant the other and further sum of $500 as damages for that plaintiff is the owner of a certain lot in the city of Piedmont, Ala., known as lot 52, in block 52, and of a two-story frame residence thereon situated. [Here follows a fuller description.] And defendant, on, to wit, March 1, 1911, and on divers days thereafter, was engaged by and through its agents and servants in mining and quarrying stone at or near Piedmont, Ala., and in said mining or quarrying operations defendant used powder, dynamite, or other explosives; and plaintiff avers that she notified defendant's agent in charge of said work that it was injuring and damaging plaintiff's said residence by reason of the explosions in and about its said mining or quarrying operations, and requested said agents or servants of defendant to desist from said injuries and damages; and plaintiff avers that, notwithstanding defendant's agents and servants were informed of the damage and injury that was being done to plaintiff's property, nevertheless the defendant's said servants or agents, who were engaged in said

mining operations, after being so informed, wantonly
and recklessly used the explosives in such quantity and
to such an extent as that the blasts which were explod-
ed therefrom shook and jarred plaintiff's said house,
greatly injuring and damaging same."—Here follows
detail of the injury.

The evidence relative to the qualification of George
D. Harris to answer the questions propounded in as-
signments of error 6 and 7, is as follows: "I have had
a great deal of experience in the blasting of solid rock
like that up in the mountain. My experience was in
helping to build a number of railroads, and on all of
these railroads I have done blasting. The heaviest blast-
ing I have done was on the Seaboard, out near Ragland,
in a rock country." The sixth assignment of error is
as follows: "Question propounded to Harris, over ob-
jection of defendant: 'I will ask you to state whether
or not, in your judgment, the blasting that was done by
defendant there was heavier than was reasonably nec-
essary to remove solid rock?' " Assignment 7: "Ques-
tion to same witness over objection of defendant: 'I
will ask you to state if solid rock can be successfully
removed with less severe blast than the blasting of this
defendant, judging from what you saw, and the jar and
vibrations you experienced?' " It further appears from
the evidence of this witness that he was living in the
house alleged to have been injured while the blasting
was going on, and that he saw the result of the blast,
and felt the vibration.

Charge G is as follows: "The court charges the jury
that the burden of proof is on plaintiff in this case to
show that defendant used dynamite in excess of what
was reasonably necessary to have loosened or removed
said rock."

[Harbison-Walker Refractories Company v. Scott.]

WILLETT & WILLETT, for appellant. The ninth count did not sufficiently charge willful or wanton negligence, and the demurrers thereto should have been sustained. —*Harris v. Randolph L. Co.,* 57 South. 453; *City D. Co. v. Henry,* 139 Ala. 161; *L. & N. v. Anchors,* 114 Ala. 492; *Glass v. M. & C. R. R. Co.,* 94 Ala. 581. The court erred in permitting the expert witness to give his judgment as to whether the blasting done was heavier than was reasonably necessary to remove solid rock.—*Peake v. Stout,* 8 Ala. 498; *Whetstone v. Bank,* 9 Ala. 886; *Hall v. Goodson,* 32 Ala. 277; *Walker v. Walker,* 34 Ala. 369; *Bailey v. State,* 107 Ala. 151. Neither the evidence nor the allegation of the ninth count authorize the jury to assess punitive damages, and the court should so instruct the jury.—*B. R. & E. Co. v. Pinckard,* 124 Ala. 372; *Brown v. St. L. & S. F. R. R. Co.,* 171 Ala. 310.

KNOX, ACKER, DIXON & STERNE, for appellee. The ninth count sufficiently charged wanton negligence. —*K. C. M. & B. v. Crocker,* 95 Ala. 433; *L. & N. v. Baker,* 96 Ala. 435; *Stringer v. Ala. Mid.,* 99 Ala. 410; *So. Ry. v. Goins,* 1 Ala. App. 375; *L. & N. v. Orr,* 121 Ala. 489; *Highland Ave v. Robinson,* 125 Ala. 483. In the present case plaintiff's recovery depends entirely upon proof of want of due care, and the injury inflicted is actual and physical damage to property.—*Bessemer Co. v. Doak,* 152 Ala. 166; *B'ham O. & M. Co. v. Grover,* 159 Ala. 276. It was competent to show by the expert that the amount of explosives used was excessive for the purpose to be accomplished.—*Ala. Co. v. Pitts,* 98 Ala. 285; *McNamara v. Logan,* 100 Ala. 187; *R. R. Co. v. Binion,* 107 Ala. 645; *Culvert v. Ala. Mid.,* 108 Ala. 330. The deed was the best evidence as to who was the owner of the lot.—*R. R. Co. v. Davis,* 91 Ala. 621; *Phillips v. Guano Co.,* 110 Ala. 523. The effect of the blasting

upon other houses in the neighborhood was competent evidence.

McCLELLAN, J.—The action was for damages to property in consequence of the setting off of explosives in and about quarrying stone. The appellee was the plaintiff, and the appellant the sole defendant.

On the first question presented, Justice SOMERVILLE expresses the views of the majority:

"The ninth count of the complaint charges that defendant was engaged in blasting on its own premises, and that, though notified by plaintiff that it was injuring her residence thereby, defendant nevertheless 'wantonly and recklessly used explosives in such quantities and to such an extent as that the blast or explosion therefrom shook and jarred the plaintiff's house,' etc. A majority of the court are of the opinion that this count sufficiently charges wanton negligence in the conduct of defendant's blasting operations, so as to import liability within the principles stated in *Bessemere C., I. & L. Co. v. Doak,* 152 Ala. 166, 177 [44 South. 627, 12 L. R. A. (N. S.) 389]. The phrase 'wantonly and recklessly,' as here applied, charges negligence with a knowledge of the injury that would result; and it manifestly characterizes, not merely the act of blasting, but also the *extent* of the blasting and the *quantity of explosives* used. If the charge were merely that defendant wantonly and recklessly blasted—blasting being in itself lawful and proper—the count would be defective as a wanton count, and would be controlled by the ruling in *Harris v. Lumber Co.* [175 Ala. 148], 57 South. 453. To blast to a greater extent, or to use explosives in larger quantity, than is reasonably necessary, to the injury of another, is an actionable wrong, and that is what the count in question fairly and sufficiently charges.

"In this view Sayre, de Graffenried, and Gardner, JJ., concur. Anderson, C. J., and McClellan and Mayfield, JJ., hold that the count does not sufficiently charge negligence or wantonness, and was subject to the demurrer."

The trial court necessarily determined that the witness George D. Harris was qualified to have and give an expert opinion in response to the matters set forth in the questions quoted in assignments numbered 6 and 7. The report of the appeal will contain these two questions. We have carefully considered the testimony bearing upon his qualification in the premises, and are unable to affirm error of the trial court's conclusion. The witness, being an expert, was properly allowed to answer the questions mentioned.—*Culver v. Ala. Md. Ry. Co.,* 108 Ala. 330, 334, 18 South. 827; *McNamara v. Logan,* 100 Ala. 187, 196, 197, 14 South. 175; *Ala. C. C. & C. Co. v. Pitts,* 98 Ala. 285, 289, 290, 13 South. 135. The fact that an otherwise proper question propounded to an expert witness will elicit an opinion from him in practical affirmation or disaffirmation of a material issue in a case will not suffice to render the question improper. If the earlier cases cited in brief for appellant conclude to the contrary, they are not in accord with more recent rulings, as appears from the decisions noted above. *Bailey's Case,* 107 Ala. 151, 18 South. 234, is without bearing. The rulings did not involve the scope of expert opinion, but, more particularly, the propriety of one person's being allowed to testify to another's cognitions. There was no error in overruling the objections to the questions mentioned.

The court properly declined, on objection by plaintiff, to allow defendant to show that Burrows conveyed the lot to W. J. Scott, and not to the plaintiff. The deed was the best evidence of the fact.

[Harbison-Walker Refractories Company v. Scott.]

The decision of the issue of wantonness vel non in the premises was, under the evidence, for the jury. The plaintiff testified that she went to see Mr. Beverly, who was in charge of the blasting operations; that he accompanied her on an inspection of the property and of all the damage that was being done; that she asked him "if he thought it was right to wantonly destroy my (her) property without any regard to my (her) right in the premises"; that, in response, "he said no, that he didn't, but that they were under contract to mine stone, and he supposed they would have to keep on blasting." It was further testified by the plaintiff that Beverly was given a demonstration of the jarring effect of the blasts upon the house while he was there, as stated, at plaintiff's request. We think the court was entirely justified in declining to affirmatively instruct the jury not to award exemplary damages. It was open to them to find that the blasting proceeded, notwithstanding remonstrance, and that it was so carried on in order to perform a contract, and in utter disregard of the safety of plaintiff's property. For like reason, the general affirmative charge against the right to recover on the ninth count was properly refused defendant.

Charge G was well refused. Its more serious infirmity lay in its effect to exclude other negligent discharges or blasts than those which were the result of an "excess" of explosive. The vibratory effect of the discharges upon other buildings in the neighborhood was admissible in evidence to show the character and extent of the explosions.

There is no error in the record. The judgment is affirmed.

Affirmed

SAYRE, SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur. ANDERSON, C. J., and McCLELLAN and

MAYFIELD, JJ., concur in the opinion, except as indicated; and hence dissent from the conclusion to affirm.