# Louisville & Nashville Railroad Co., *et al. v.* Lynne.

## Damage from Blasting.

(Decided April 5, 1917.    75 South. 14.)

1. **Pleading; Demurrer; Parties.**—Demurrer to complaint for tort as not showing joint liability must be interposed by the defendants only as to whom no liability is shown.

2. **Torts; Joint and Several Liability.**—Joint tort-feasors are liable jointly and severally, and must be sued in the same manner.

3. **Judgment; Joint or Several Liability.**—Where several are sued jointly as joint tort-feasors, recovery may be had as to some, though plaintiff fail as to the others.

4. **Explosives; Injuries; Evidence.**—As showing the character of blastings and concussions by which plaintiff's house was injured, proof that rocks were thereby thrown on premises of others is admissible.

5. **Evidence; Opinions.**—Witnesses in answer to a question to the extent of damages to a house may state that it looked as if it was damaged "mighty bad"; this seeming to be the only answer that they can give.

6. **Evidence; Identity; Evidence of Financial Condition.**—There being a dispute in an action for injury to a house by blasts in railroad construction work, as to which of two construction companies was charged with doing the work, and as to whether or not both were liable, because both were agencies in the injury, allowing proof of the financial condition of one of them was proper, as it might tend to show which was intrusted by the railroad companies to do the work.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by W. E. Lynne against the Louisville & Nashville Railroad Company and others for damage to property by blasting. Judgment for plaintiff and defendants appeal. Affirmed. Transferred from Court of Appeals under Acts 1911, p. 450.

EYSTER & EYSTER and SAMPLE & KILPATRICK for appellants. WERT & LYNNE for appellee.

MAYFIELD, J.—Appellee sued the four appellant corporations, as joint tort-feasors, to recover damages done to his house

or building situated near the railroad right of way of the different corporations. The damages were alleged to have been caused by blasting, in the use of powerful and high explosives on the right of way, whereby stones and other debris were thrown upon and against the building, and concussions were produced, some of the effects of which were to crack the walls and chimneys of plaintiff's house, rendering the house uninhabitable and causing plaintiff to lose tenants, rents, etc. The plaintiff having recovered damages against all the defendants, they appeal, and separately assign errors.

(1) It is first insisted that the court erred in overruling a demurrer to the complaint; the only contention being that the complaint showed no joint liability on the part of all the defendants. This insistence is not sustained. The complaint did allege a joint liability, and was therefore not open to this objection. If the objection had been good, then, to be availing, the demurrer would have had to be interposed by the defendants only, as against whom no liability was shown, and a severance taken in the assignment of errors.

(2, 3) Joint tort-feasors are liable jointly and severally, and must be sued in the same manner; and if sued jointly a recovery may be had against one or more, though plaintiff fail as to some. We therefore find no error in the record proper, which is availing on this appeal.

(4) There was no error in allowing proof that rocks were thrown upon premises other than plaintiff's. There was no attempt to recover damages therefor; but such proof was admissible to show the character of the blastings and concussions, which were the same that injured plaintiff's building.

(5) There was no error in allowing witnesses, in answer to questions as to the extent of the damages, and as to the difference in the value of the house involved, before and after the injury, to state that they could not really tell; that it looked as if it was damaged "mighty bad." The questions were proper, and this seems to be the only answer that the witnesses, or one of them, could give. We are unable to see the relevancy or propriety of proof that some of the defendants offered to repair the building and plaintiff refused to allow the repair to be made. No issue was made to warrant such proof.

(6) It was not error to allow proof of the financial condition of one of the construction companies, as it might tend to show

[Cooper v. Lake Wood Company.]

which of the two companies were intrusted by the railroad companies to do the work; there being a dispute as to which of the two was charged with doing the work, and as to whether or not both were liable, because both were agencies in producing the injuries inflicted.

There was no error in refusing any of the defendants' requested charges. Most of them either were calculated to mislead the jury, or were argumentative, or gave undue prominence to parts of the evidence, or were fully covered by other given charges, and it is unnecessary to treat them separately. Those that were in effect general affirmative charges for one or more of the defendants were properly refused.

It is remarkable that the jury should have found against all the defendants; but we are unable to say that there was no evidence sufficient to submit the case to the jury as to any one of the defendants; and hence there was no error in refusing the affirmative charge as to any one of the defendants.

We find no reversible error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.