### GROSS v. DALLAS RY. & TERMINAL CO.
### No. 12682.

Court of Civil Appeals of Texas. Dallas.
June 17, 1939.

Rehearing Denied July 15, 1939.

Jas. D. O'Connor and Carden, Starling, Carden & Hemphill, all of Dallas, for appellant.

Burford, Ryburn, Hincks & Charlton and Logan Ford, all of Dallas, for appellee.

LOONEY, Justice.

Mary Louise Gross brought this suit against Dallas Railway & Terminal Company, to recover damages for personal injuries alleged to have been caused by its negligence. The defendant's answer contained a general denial and special pleas of contributory negligence. It will not be necessary to summarize the pleadings of the parties, as the findings of the jury in answer to special issues on defendant's negligence and plaintiff's contributory negligence indicate satisfactorily the issues framed by the pleadings. The jury found the defendant guilty · of actionable negligence in several respects; also found plaintiff guilty of contributory negligence in several respects. The court rendered judgment for the defendant, from which plaintiff appealed.

The accident occurred on Second Avenue, in the City of Dallas, under substantially the following circumstances: Second Avenue is sixty feet in width, runs north and south, has a concrete curb in its center, which divides the paved portion of the street on the west, used for vehicular traffic, from the graveled half of the street on the east occupied by four street car tracks. The southbound track next to the center curb, is close enough that the overhanging portion of a street car is almost even with the curb. Early in the morning of the day of the accident, plaintiff and others were in a Model A Ford automobile, four including plaintiff occupying the front

115

seat, traveling north on Second Avenue and had stopped the car next to the center curb, about the middle of a block, to let one of the four occupants of the front seat out of the car; plaintiff opened the door of the car, stepped out on the cement curb, turned in a leaning position beside the open door of the car, facing inward with her hand upon the door and elbow on the car window, back toward the railway tracks, was in a conversation with the occupants, waiting for her companion to alight, when a southbound street car struck the tip of the extended car door, by or against which plaintiff was standing, throwing her inside the car, in the midst of the occupants of the front seat, causing the injuries of which she complains.

Doubtless, a description as to how the accident occurred is best described in plaintiff's own language; she testified:

·"I live out at Sceyenne, and lived there since before this accident happened. I have lived there twenty-four years. I came into town on Second Avenue all that time, right past that location where this occurred. I knew that the tracks were there where this accident happened. I knew that they had street cars going up and down there, and where this accident happened the track was a straight track. The condition of the track out there, we will say from Grand Avenue to Parry Avenue, was straight to Parry, and there it turned to the right, going to town, and to the left going out of town, on Second. There were no buildings or structures along there to keep me from seeing the street car, or any cars along there. When I got out of the car there, I had my face turned in toward the automobile, after I got out. When I got out I turned around and looked in toward the automobile. When I was doing that I was listening to the conversation that was going on in there. The conversation was between Mayola and Lee. I did not see any street car at the time I got out. I suppose I wasn't paying any attention to any street car. I got out of the automobile and stepped over onto the curb there from the automobile. I held the door open and permitted it to stay open during the entire period there, and did that without paying any attention to the street car that was coming along there." S.F. p. 58 and 59.

"Before I got out, I opened the door and looked North, and after I looked North I opened the door and got out, and then I opened the door and got out and turned around and leaned on the window and looked back into the car, waiting· for Miss Mayola to get out." S.F. p. 59.

"When I was sitting there, with my head up in the top of the car, I took one look and had to bend forward to look out, that was all the looking that was done, so far as the street car was concerned, and I did not see any street car at all. I got out, and as I did so I was looking, and that was all the looking I did." S.F. p. 59 and 60.

"While I was listening to that conversation I did not pay any particular attention to the street car. I did not see the car and· do not know what portion of it hit the automobile. I was standing with my head pointed into the car door, standing on the curb with my right hand leaning there on the door. My side was right up against the door, and when I was hit, the door was struck by the street car, and kind of slammed it to, and somehow threw me over into the car, and across her lap. The door and I both moved at the same time. In other words I wasn't fronting the door, I was leaning kind of to the side against it, and both me and the door started moving at once." S.F. p. 60.

The jury found the defendant guilty of actionable negligence as follows: (1) In the failure of the operator of the street car to stop before it came in contact with the door of the automobile; (2) with reference to the matter of giving warning by sounding the gong while approaching the point where the street car contacted the door of the automobile; (3) with reference to the matter of keeping a lookout as the street car approached the point of contact with the automobile. The jury absolved the defendant under the doctrine of discovered peril, also of negligence in regard to the operation of the street car at a higher rate of speed than a person of ordinary prudence would have, under same or similar circumstances.

The jury found plaintiff guilty of contributory negligence as follows: (1) In failing to keep a proper lookout for the approach of the street car while she was standing close to the east track, waiting for her companion to alight from the car; (2) in permitting the door of the automobile to swing out, close enough to the track to come in contact with the passing street car; (3) in failing to listen for the approach of the street car; (4) in the matter of standing close to the track and within reach of the door while the street car was passing.

The jury acquitted plaintiff of contributory negligence in that, she did not fail to keep a proper lookout as she opened the door of the automobile to alight; was not negligent in failing to wait until the street car had passed before alighting from the automobile; was not negligent in stepping on the space curbed off from the pavement, without ascertaining that no street car was approaching from the north; and that she was not negligent in failing to exercise ordinary care for her own safety in not extricating herself from the path of the approaching street car.

The main contention of plaintiff is, that the findings of the jury, in answer to special issues submitting contributory negligence, are so conflicting and contradictory as to render it impossible for judgment to be entered; therefore, she insists that the court erred in rendering judgment for the defendant, but rather, should have declared a mistrial.

■■ In the course of the discussion, a number of analogous cases have been cited by the parties, but these are of no particular value as authorities in solving the problem presented, as cases of the nature of the one under consideration vary, each presenting a distinct problem, the correct solution of which will turn on a correct analysis of the alleged inconsistent findings. However, in solving such a problem, we are to be guided by the general rule announced by Judge Speer, in Townsend v. Young, Tex.Civ.App., 114 S.W.2d 296, 297, as follows: "Neither a trial court nor this court should seek a construction of answers to issues which would render the verdict void, but, on the contrary, should take into consideration the issues made by the pleadings upon which testimony is offered, and construe them, along with the issues and answers, all together, and, having done so, they have the right; and it becomes their duty, to give them a reasonable construction. Texas Indemnity Ins. Co. v. Bridges, Tex.Civ.App., 52 S.W.2d 1075, 1079, writ refused. In the last-mentioned case, it was said: 'All the issues must be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper.'"

Guided by this rule, after a careful consideration of the findings called in question, we fail to find either a real or an apparent conflict. The findings acquitting plaintiff of contributory negligence alleged to be irreconcilable with the findings convicting her, are these: That she did not fail to keep a proper lookout as she opened the door of the automobile to alight therefrom; that she was not negligent in failing to wait to alight from the automobile until the street car had passed; that she was not negligent in stepping upon the curb that divided the street, without ascertaining that a street car was approaching from the north and that she was not negligent in failing to extricate herself from the path of the approaching street car. We think it obvious that, the finding that plaintiff was not negligent in failing to extricate herself from the path of the approaching street car is not in conflict with any other finding, and was authorized by the facts, in that the undisputed evidence shows that plaintiff did not know a street car was approaching, or of its presence, until it struck the overhanging automobile door—not knowing that she stood in the pathway of an approaching car, it cannot be said that she was negligent in failing to extricate herself from a threatened danger she knew not of. The other instances in which plaintiff was acquitted of contributory negligence, are that she did not fail to keep a proper lookout as she opened the door of the automobile to alight; in failing to wait for the street car to pass before alighting from the automobile; in stepping upon the curb without ascertaining that a street car was approaching from the north. It will be observed that, the evidence authorizing these special issues, was so immediately connected and related in point of time as, in effect, to constitute but one event, that is, involved the conduct of the plaintiff in opening the door of the automobile and alighting therefrom on to the curb. Up to that point, the jury acquitted plaintiff of contributory negligence, but, as to the subsequent and disconnected events, she was convicted of contributory negligence, in that, after alighting from the automobile and while standing upon the curb, waiting for her companion to alight, she failed to keep a proper lookout or to listen for the approach of the street car and permitted the door of the automobile to swing out close enough to the track to contact the passing street car, and in standing within reach or close to the automobile door while the street car was passing.

■ We do not think it can be correctly said that the act of plaintiff in alighting

from the automobile on to the curb, without waiting for the street car to pass, which, at that time, she didn't know was approaching, was a proximate cause of the accident, as that term is understood, but rather, that her acts in permitting the door of the automobile to swing out close enough to the track to be contacted by the passing street car and in standing close to the door of the automobile, and failing to look or listen for an approaching car, each had a causal connection with the accident and, in our opinion, each is supported by evidence and is consistent with the other findings on contributory negligence. But, as is usual in such cases, some one act, in the connected events producing an accident, predominates; in the instant case, we think the negligent act of plaintiff in permitting the door of the automobile to swing out close enough to be struck by the passing street car, the dominant cause but for which, doubtless, the other acts of contributory negligence of which plaintiff was convicted could have existed, without the accident occurring.

So, we overrule all assignments and propositions based upon the contention that the findings of the jury are contradictory and conflicting.

Plaintiff also contends that the court's definition of a proper lookout was erroneous, in that it assumed that it was her duty to keep some character of a lookout for the approaching street car, and that, under the circumstances, no such duty rested upon her.

■ As plaintiff's testimony showed that she was, and for many years, had been thoroughly familiar with the street where the accident occurred, with the location of the street car tracks and the curb upon which she stood, we think the duty rested upon her to maintain a proper lookout for the approaching street car. See Townsend v. Young, Tex.Civ.App., 114 S.W.2d 296; Robertson v. Buck X-Ograph, Tex.Civ. App., 114 S.W.2d 308. The court defined "proper lookout", as follows: "A proper lookout is such a lookout for approaching vehicles or pedestrians as an ordinarily prudent person would have kept under the same or similar circumstances." We do not think the charge assumed that any character of a lookout should have been maintained by plaintiff, but, even if so, under the undisputed facts revealed by plaintiff's own testimony, we think she was under such a duty.

In her propositions 4, 5, 6, and 7, plaintiff complains of the form of four of the issues submitted on contributory negligence; the contention being that, the same are upon the weight of evidence. The issues called in question are numbers 23, 24, and 25, submitting the issue whether or not plaintiff was guilty of contributory negligence in permitting the door of the automobile to swing out close enough to the track to contact the passing street car; issue 31, submitting whether or not plaintiff failed to exercise ordinary care in the matter of extricating herself from the path of the street car; issue 29, submitting the issue whether plaintiff failed to exercise ordinary care in the matter of standing close to the track and near the automobile door while the street car was passing; and issues 27 and 28, submitting the issue whether or not the failure of plaintiff to listen for the approach of the street car, was contributory negligence.

■■ As heretofore mentioned, the jury answered issue 31, finding plaintiff not guilty of contributory negligence in failing to extricate herself from the path of the street car, hence, we do not think she can complain as to the form of this issue that was found in her favor. Neither of the other issues, in our opinion, is amenable to the objection urged, as all are based upon, and the findings of the jury in answer thereto are supported by, the undisputed evidence furnished by plaintiff's own testimony heretofore set out. We, therefore, overrule these propositions and the assignments upon which they are based.

■■ In propositions 8, 9, and 10, plaintiff complains of the action of the court in refusing to permit three witnesses to testify whether the street car was going fast or slow at the time of the accident. The jury having found the defendant guilty of contributory negligence in three respects, to-wit, failure to keep a lookout, failure to slow down, and failure to warn of the approaching street car, the answer of the jury to either of these issues being sufficient to sustain a judgment against the defendants, we do not think the exclusion of this evidence, in so far as it affected plaintiff's right to recover, was prejudicial. Errors in admitting or rejecting evidence, become immaterial where the case does not turn on the admitted or excluded evidence or where a decision is based on two or more findings and it is determined that one supports the judgment, there is no necessity to consider

other findings or questions pertaining to the admission or exclusion of evidence having no relation to and cannot affect the particular finding that supports the judgment. See 3 Tex.Jur., page 1013, also page 1015 and authorities cited.

It being our opinion that the record fails to disclose reversible error, the judgment of the court below is affirmed.

Affirmed.