## BENSON v. WEAVER.

No. 10051.

Court of Civil Appeals of Texas. Austin.

May 28, 1952.

Rehearing Denied June 25, 1952.

Second Motion for Rehearing Denied July 30, 1952.

Schultz & Webb, Tom Webb, Abilene, for appellant.

Paul Petty, Ballinger, Mays, Perkins & Leonard, George W. Leonard, Jr., Sweetwater, for appellee.

GRAY, Justice.

Appellant sued appellee for damages to a one story concrete building owned by appellant and located in the City of Winters, Texas. It was alleged that the damage was caused by an explosion of dynamite set off by appellee's agents near the building which explosion "threw large rocks and debris onto and against Plaintiff's building, thereby breaking several panes of glass in the windows of Plaintiff's building, chipping out a corner portion of Plaintiff's building and causing a long crack in the upper part of the South wall." In the alternative appellant alleged that appellee's agents were negligent in setting off one blast in which an excessive amount of dynamite was used and which blast caused "earth tremors and vibration" causing a long crack in the upper part of the south wall of the building.

The blasting was being done by appellee's agents in an effort to level some concrete blocks which were formerly the foundation for a gin located on a block near appellant's building. More dynamite was used in one blast than was used in the others and it appears that appellant asserts that this blast caused his alleged damages.

The trial was to a jury. The jury made findings favorable to appellee, one of which was that an excessive amount of dynamite was not used in "such explosion." Upon the jury's findings, a judgment was rendered that appellant take nothing.

Appel'ant here complains that the trial court erred in excluding from the jury, upon appellee's objection, the testimony of witnesses showing the damage done by the explosion to a building other than that of appellant, such damage being caused by rocks thrown against the building. This building was constructed of sheet iron on a wooden frame. It fronted north, had wooden doors at its front and was located across the street and south about sixty feet from the explosion. It housed a welding or blacksmith shop and will be later referred to as the shop.

Appellant's building was located north or northwest about 100 feet from the explosion.

The excluded evidence was to the effect that the explosion threw rocks and concrete against the shop, that its doors were demolished and large holes were torn in its walls.

The deposition of appellee's agent who set off the blast was offered in evidence by appellant. Upon objection of appellee that part of his deposition wherein he identified the explosion that damaged the shop was excluded from the jury. This witness testified that he set off more than one blast and that in one of them he used more dynamite than he used in the others. It appears that this later blast is the one that damaged the shop and is alleged to have caused appellant's damage.

The excluded evidence was offered to show "the force of the blast and its destructive power."

In Linforth v. San Francisco Gas & Electric Co., 156 Cal. 58, 103 P. 320, the Supreme Court of California considered the question of damages resulting from an explosion of gas. The Court held that evidence showing that the force of the explosion was such as to injure adjoining houses other than the house of the plaintiff was admissible and competent evidence for the plaintiff. Similar holdings were made by the Supreme Court of Alabama in Louisville & N. R. Co. v. Lynne, 199 Ala. 631, 75 So. 14, and in Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547. Also, see: 25 C.J. p. 208, Sec. 43; 35 C.J.S., Explosives, § 11.

In Linforth v. San Francisco Gas & Electric Co., supra [156 Cal. 58, 103 P. 323], the Court took notice of the rule announced in decisions, one of which is Fitzsimons & Connell Co. v. Braun, 199 Ill. 390, 65 N.E. 249, 59 L.R.A. 421, which are to the effect that it is not error to exclude evidence that property other than that of the plaintiff, and located at various distances from the damaged property, was not damaged by the explosion on the theory that the admission of such evidence would tend to introduce

collateral issues likely to mislead or confuse the jury. The Court said:

"The damage that was actually done by an explosion is one thing; the damage that was not done is quite another."

and that proof of the later would tend to add nothing. In Hickey v. Texas & P. Ry. Co., Tex.Civ.App., 95 S.W. 763, 764, it was held proper to admit, over objection, evidence that

"* * * certain persons who were near by when the explosion of dynamite occurred, of which the plaintiff complains, and which he claims caused the injuries for which he seeks in this suit to recover damages, some of said persons being nearer and some farther from said explosion than plaintiff, were not hurt by said explosion, and that a certain small engine with delicate glass tubes and other frail appliances, which was within 15 feet of said explosion, was in no manner injured by said explosion; * * *."

to show that

"* * * the concussion produced was not as great in extent as appellant's evidence would indicate and that it was not sufficient to cause the injury."

■■ It is our opinion that the admissibility of the excluded evidence depends on whether or not it is relevant to the issues as made by the pleadings. If it tends to either prove or disprove those issues, or if it throws light thereon it is relevant and admissible. 17 Tex.Jur. pp. 338–339, Secs. 106 and 107. The pleadings put in issue damages cause by a trespass, or, in the alternative, damages caused by the force of the explosion. The excluded evidence would have tended to throw light on either of these issues and should have been admitted.

Because of the error complained of the judgment of the trial court is reversed and remanded.

Reversed and remanded.

## On Appellee's Motion For Rehearing

In appellee's motion for rehearing he calls our attention to two statements in our original opinion. We stated (1) that the shop faces south and (2) that the deposition of appellee's agent was introduced in evidence by appellee. We acknowledge oversight in these two respects and correct our original opinion and say the shop faced north and that the deposition was introduced in evidence by appellant.

Appellee says we were in error in holding that the exclusion of evidence as to the damage done to the shop by the explosion was reversible because:

"(1) Such evidence was not relevant to any ultimate issue in the case.

"(2) Substantially the same evidence was received at other places in the record.

"(3) The excluded evidence related to an immaterial issue of fact, in view of the jury's answer to Special Issue Number 5."

Appellee states the ultimate issues to be:

"(1) whether or not rocks and debris hit the plaintiff's building, resulting in damage, and (2) whether or not appellee's employees negligently used an excessive amount of explosives, thereby causing earth tremors and vibration which resulted in cracking the south wall of appellant's building."

We think the ultimate issues, as made by the record before us, are: (1) Was appellant's building damaged by the blast? (2) Were appellee's agents negligent in setting off the blast? (3) Was such negligence, if any, an approximate cause of damage to the building? And (4) What was the amount of such damage?

The results following the explosion such as rocks and debris being thrown against the shop, its doors demolished and large holes torn in its walls would tend to show the force of the explosion and its destructive power, and evidence of that result was relevant to show the amount of dynamite used in the blast. Further the damage that was done at the distance the shop was located from the blast would be evidence bearing on the issue of whether or not the force of the blast was sufficient to and probably did throw the rocks against appellant's building as alleged and was relevant to the issue

that it caused earth tremors and vibration, and the damages alleged to result.

Appellant testified that on the morning after the explosion he was told about it; that he had been called for jury service at nine o'clock that morning; that he rushed by "there" and said:

"* * * I drove down by the building before I left town.

"Q. What did you see around your building, if anything? A. Well, I drove up through the alley to the back of the building and I noticed lots of junk concrete and stuff laying in the alley and street south of the building and alongside of the building, and I noticed a welding shop just southeast of the building demolished.

*     *     *     *     *     *

"Q. How big were, describe the various sizes of the chunks of concrete which you say you saw down at the back and side of your building? A. Well, they varied from the size of your fist, oh, I would say to half as big as a man's body. The only large one was at the corner of this building, and noticed the plaster knocked off of the other building."

To the first question and answer above quoted appellant made objection. The objection and the trial court's reply was:

"If the Court please, the witness answered the question and volunteered information that the Court previously sustained our objection on. We would like to ask the answer be stricken and the jury be instructed not to consider the answer given for any purpose.

"Court: Overrule the objection, but let's confine our testimony to your building."

We think the effect of the trial court's statement was to direct the jury to confine its consideration exclusively to evidence of damage to appellant's building.

Also, appellee's agent (Bolding) who set off the blast testified, by deposition, that:

"Q. Do you know whether or not it damaged any other buildings that were adjacent to this Chevrolet build-

ing, whether it knocked any plaster down or hurt them any way? A. There was one little spot on that other building probably *those* big, where rock rolled out there and bumped against it and broke off a little piece of plaster."

Appellee says the receipt of the foregoing testimony rendered harmless the error excluding the other evidence of damage to the shop.

Following the above quoted testimony of Bolding he said:

"Q. How far did that rock go? A. About 300 feet.

"Q. About three hundred feet, and your testimony is that the particular rock that damaged the plaster was rolling on the ground? A. That's right; going along on the ground, because I seen it with my own eyes.

"Q. Rolled three hundred feet up there and hit the building and knocked the plaster off? A. Yes.

*     *     *     *     *     *

"Q. Did this cause the ground to shake any, this explosion? A. No.

"Q. Didn't cause earth tremors at all? A. No.

"Q. Do you know whether or not any rocks were thrown up against the south wall of the Chevrolet building. A. Not that I know of there wasn't.

"Q. Do you know whether any rocks where thrown up against the east wall of the Chevrolet building? A. There was one that went out in the street, but I don't think it ever went agin the wall; if it did I didn't know it."

We quote what we deem to be the most material portion of the excluded testimony: Bob Overman:

"Q. What condition was that blacksmith shop in? A. The front was tore completely up; it had a wooden door; it just splintered it all to pieces, and holes through the tin, I will say, within two feet diameter.

"Q. In two feet diameter. Now, what is the relative distance from the point of the blast between that blacksmith shop and Mr. Benson's building;

are they about the same distance away? A. Well, I don't know the exact distance, because I never did measure it or nothing, but it isn't too much difference between the blacksmith shop and the back of Mr. Benson's building.

"Q. You say the front end of the blacksmith shop which was made of tin was demolished? A. It certainly was.

"Q. With holes two feet in diameter in the roof of it? No, sir, not in the roof, in front.

"Q. In front? A. Yes, sir."
Appellant:

"Q. And what was the condition of that blacksmith shop? A. When I seen it the morning after the blast the front of it was completely tore up. The wooden doors was tore plumb up and the big rocks went through the sheet-iron on it.

"Q. Did you notice the size of any of the holes in front? A. I just noticed there being large holes in the front."

Also appellee, who stated there was a tin building across the street from the point of blasting, was not permitted to state the condition of the building.

■ Under Rule 434, T.R.C.P., the burden was on appellant to show that the exclusion of the evidence probably resulted to his prejudice. However, he was not required to show that but for the error a different judgment would have resulted. Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191.

The excluded evidence would have given the jury a rather detailed statement of the damage done to the shop which was not before them from any other source.

Appellant's suit was for the damages that he alleged were caused by the blast. The force of the explosion was a vital issue. The damage done to the shop tended to show its force and the excluded evidence was evidence of this character.

Appellee's defense was that the crack in the wall of appellant's building was not cause by the blast but existed prior thereto. Appellant's proof on this issue was largely circumstantial and was to the effect that sometime prior to the blast appellant had inspected the wall and no crack was there; that after the blast the crack was in the wall; that an examination of the crack revealed that it was new; that there was a chipped out place where the crack began; that immediately below the chipped out place and on the ground there was a concrete boulder with smaller ones along the wall, and expert testimony that the crack was caused by external force.

Submitted issue 5 and the jury's answer to it are:

"From a preponderance of the evidence, do you find that the crack in the upper part of the South wall of plaintiff's building was there prior to the time of the explosion in question? Answer, It was or It was not

"Answer: It was."

Appellee says that the jury's answer to the above issue exonerates him and that the excluded evidence relates to an immaterial issue of fact.

■ The error in excluding evidence becomes immaterial where the case does not turn on the excluded evidence, that is, where it is not material and does not affect the verdict or judgment rendered. Gross v. Dallas Ry. & Terminal Co., Tex.Civ.App., 131 S.W.2d 113, error dism., judgm. cor. Also where the judgment is sustained by a finding which is entirely independent of the excluded evidence as was decided in the above case. Appellant sued appellee for personal injuries allegedly sustained as the result of appellee's negligence. The jury found appellee guilty of negligence and also found appellant guilty of contributory negligence in three respects.

It was held that the refusal of the trial court to permit witnesses to testify whether the street car of appellee was going fast or slow was not, under the circumstances, prejudicial insofar as it affected appellant's right to recover. The judgment was supported by the jury's finding that appellant was guilty of contributory negligence.

The question before us is entirely different from the question before the court in the above case. The evidentiary elements

of submitted issue five are: Was the force of the explosion sufficient to cast concrete and boulders against appellant's building? Was concrete and boulders cast against the building? And, Was the crack caused thereby? Or, Was the force of the explosion sufficient to cause earth tremors and vibration? Did it cause them? And, Was the crack caused thereby?

The evidence shows that there were tie rods through the top of the walls of appellant's building and near the crack alleged to have been caused by the blast. If vibrations and earth tremors were caused by the blast which caused the walls or the tie rods to vibrate and the crack to result, then certainly any evidence tending to show damage to other buildings would be relevant on the issue of the force of the explosion and negligence of appellee's agents in setting off the blast.

We cannot assume the verdict of the jury would have been the same as it was if the excluded evidence had been before them.

It is our opinion that the excluded evidence was admissible and that its exclusion was prejudicial to appellant.

Our original opinion is corrected as herein stated, and appellee's motion is in all other respects overruled.

Original opinion corrected.

Motion overruled.