H. S. WEAVER V. ALVIN BENSON.

No. A-3829. Decided January 14, 1953.
Rehearing overruled February 11, 1953.
(254 S. W. 2d Series 95)

*Paul Petty*, of Ballinger, *Mays, Perkins & Leonard* and *George W. Leonard, Jr.*, of Sweetwater, for petitioner.

It was error for the Court of Civil Appeals to hold that even though the jury found that the crack existed prior to the time of the explosion, defendant was not relieved from liability to the plaintiff for allegedly causing a crack in the wall of plaintiff's building. Peacock v. Missouri, K-T Ry. Co. 148 S.W. 2d 250; Gross v. Dallas Ry. & Term. Co. 131 S.W. 2d 113; Brown v. City Service Co. 245 S.W. 656.

*Schultz & Webb*, and *Tom F. Webb*, all of Abilene, for respondent.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

The plaintiff Benson (respondent here) owns a fairly old concrete garage building in the City of Winters and sued the defendant Weaver (our petitioner) because of a serious crack in the south wall near the roof level, allegedly caused by a nearby blasting operation of the defendant-petitioner in the course of wrecking an exposed concrete foundation-floor of a former building. It was pleaded that the explosion hurled large rocks and debris against the wall so as to crack it or, alternatively,

caused earth tremors and vibrations accomplishing the same result. A judgment for the defendant-petitioner on a verdict was reversed by the Court of Civil Appeals, with an order for a new trial, on the ground of prejudicially erroneous exclusion of certain evidence of damage to another building nearby (250 S. W. 2d. 770) the defendant-petitioner complaining here that such error of the trial court, if error, was no ground for the reversal.

The jury findings (by the corresponding special issue numbers) were that: (1) no fragments were blown against the wall; (3) the defendant-petitioner did not use an excessive amount of explosive and (5) the crack existed prior to the explosion. The issue resulting in this finding No. 5 reflected a specially pleaded defense. There was no issue as to the existence of the crack at the time of the trial, since it admittedly did exist. Issues Nos. 2 and 4 on causal relationship between "the crack" and the tortious conduct of the defendant-petitioner, as enquired about in Issues Nos. 1 and 3, were not answered. Neither were Issues Nos. 6 and 7, which enquired as to the value of the building in suit before and after the blast.

The excluded evidence was tendered (through various witnesses) for the limited purpose of showing unusual force in the blast. The building to which this proof related was a welding or blacksmith shop built largely of tin or sheet iron and located somewhere around 60 or 75 feet southwardly from the blasting site, whereas the building of the plaintiff-respondent lay largely north and somewhat west from the site at a distance of about 100 to 120 feet. The welding shop had a wooden door which apparently faced toward the blasting site, and the tendered proof undoubtedly stated severe damage to this door, and some damage to other parts of the structure, from substantially sized rocks or concrete fragments thrown by the blast. Included also were a few general statements from which a jury might reasonably infer part of this damage to have been due to heavy vibration or concussion.

We granted the writ upon the single proposition (which appears to be defendant-petitioner's principal point) that, assuming this evidence to be competent and relevant to the liability issues answered against the plaintiff-respondent as before stated and its exclusion to have thus made the trial court judgment erroneous, if those issues alone were involved, yet this erstwhile error was not error in view of Finding No. 5 abovementioned.

Upon further consideration following oral argument we conclude that the writ was improvidently issued.

In some cases of the general type of the present one, the error is rightly treated as immaterial, as, for example, where the excluded evidence bears only on the issue of liability, which is found against the plaintiff, and not on the question of damages, which the jury finds not to exist. In such a case, obviously the jury would not be justified in finding "no damage" just because it found "no liability," nor could it rightly determine the existence or amount of damages on evidence relating solely to liability and therefore irrelevant to damages. And so we would assume that, even had the excluded evidence been admitted and even had it caused the answer of liability on the liability issue, the jury would still have answered the damages issue in the way it actually did—that no damages existed. Such is the essence of the decisions cited for the defendant-petitioner, such as Peacock v. Missouri-Kansas-Texas R. Co. of Texas, Tex. Civ. App., 148 S. W. 2d. 250; Shely v. Harney, Tex. Civ. App., 163 S. W. 2d. 839, (error refused Want of Merit) ; and Gross v. Dallas Ry. & Terminal Co., Tex. Civ. App., 131 S. W. 2d. 113, (error dism. cor. judgment).

■ The mere fact that the finding, which is said to render the exclusion of the evidence immaterial to the correctness of the judgment, is one pleaded as a special defense, as in the instant case, is not important. Contributory negligence, for example, is always so pleaded; but if the excluded evidence showed the lights of the defendant's automobile to have been negligently dim (the jury having found otherwise), it might well also show the plaintiff pedestrian not to have been contributorily negligent in stepping into the path of the car, so that such a finding of contributory negligence would not render the exclusion of the evidence immaterial to the correctness of the defendant's judgment. The true question is the relevance of the excluded evidence to the finding (be it under a specially pleaded defense or otherwise) which is claimed to render the exclusion unimportant. If it be relevant, then conceivably the jury, if allowed to hear it, might have made a contrary finding. The answer, of course, entails analysis of the issue and the evidence.

■ Appreciating this, the defendant-petitioner argues that Issue No. 5 was merely one on "damages". But the kind of damage issue to which liability evidence is usually irrelevant is one in which the issue enquires whether the plaintiff suffered any loss,

not whether his undisputed loss is due to the act of the defendant. And here both the fact of the crack and the existence of at least some monetary loss from the crack are unquestioned, the only disputes being (a) whether or not the blast caused the crack by hurling rocks against the wall (b) whether or not the blast charge was excessive and thus caused the crack by concussion or vibrations (c) the precise money depreciation of the building as a result of the crack. So the purport of Issue No. 5 was rather one of determining liability than of determining damages. Its object evidently was the legitimate one of presenting the question of proximate cause in another way (in accordance with the special plea of the defendant-petitioner) so as possibly to produce a conflict in the verdict, should the other findings be favorable to the plaintiff-respondent. Undoubtedly if such favorable findings had been made and if Finding No. 5 had still been made as it was, there would have been a conflict between No. 5 and the findings of proximate cause.

Issue No. 5 being thus but another way of presenting the question of proximate cause, was the excluded evidence of the force of the blast relevant to it, so that if the jury had heard such evidence, a different Finding No. 5 might properly have resulted? In other words, we may, in determining this question of relevance, look at the case as if the jury had answered Issue No. 1 that fragments had been blown against the wall or No. 3 that the blast charge was excessive, or both, but, with the evidence in question excluded, had also found that neither the rocks nor the excessiveness of the blast had caused the crack. And since the excluded proof was quite obviously competent evidence indicating great force in the blast, the question is simply—does the degree of force of the blast have logical bearing on the matter of whether rocks thus thrown against the wall or a concussion or earth tremors incident to an excessive blast caused the crack? Now surely the degree of force of the blast is relevant to whether rocks striking the wall from the blast (Issue No. 1) did so with sufficient violence to crack the wall. (At this point we are, of course, assuming that this force was relevant also to whether the rocks did strike the wall, because the proposition we are discussing assumes the exclusion to be prejudicial error, except as Finding No. 5 may have rendered it immaterial to the judgment). And we think the force of the blast is also relevant to the issue of whether the excessiveness of the charge proximately caused the crack. (Here we assume that it was also relevant to Issue No. 3—whether the charge was excessive—and should have been admitted on that issue). Doubtless the fact of even

an atomic blast plus the bare fact that the crack exists is not evidence that the latter is due to the former, since obviously cracks in walls occur more often than not for reasons other than blasts. But where there are additional circumstances in evidence tending to date the crack as coincident with the blast, the result may well be different. Surely if there were eye-witness testimony that the crack never existed before the blast and was noted for the first time the day after the blast, the degree of force of the blast—its ability to have caused the crack— would be at least a circumstance to fortify or weaken the inference from the date of origin that the crack was caused by the blast. Naturally in a circumstantial evidence case (and this case is such a one) a single circumstance may be of no probative value, if considered apart from the others, and yet be admissible because the others are in evidence. Here there was evidence that sometime between one and three months before the blast the crack did not exist, and that the characteristics of the crack, as observed a time shortly after the blast, indicated it to be of recent origin. There was also expert opinion evidence that the crack was due to an external force. There was no evidence, other than circumstances and opinion testimony, to date the crack previously to the blast. There was considerable proof for the defendant-petitioner, the primary effect whereof was to show that the force of the explosion was relatively mild, or in other words to show from the defense standpoint the true force of the blast. (Indeed, much of this defensive proof—particularly about the ancient Ford car standing "sturdy and staunch" by the wall and suffering no injury—was of the same type as that which the plaintiff-petitioner was not permitted to introduce, only the former sought to prove the force small by the absence of damage to nearby objects, while the excluded proof was to show the force great through the presence of such damage. The plaintiff-respondent naturally did not object to the former, since he himself was strenuously, if unsuccessfully, trying to introduce proof of the same general type). Under these conditions, we think evidence indicating great force in the blast was relevant on the causation issues and thus also relevant to Special Issue No. 5, as another form of presenting the same issues. In blast-damage cases, the fact that causation is so often impossible of proof, except through circumstantial evidence, justifies a rather liberal attitude in judging the relevance of a particular circumstance.

While none of our own opinions appear to have treated the narrow point here presented, the court below properly cites

Hickey v. Texas & P. Ry. Co., Tex. Civ. App., 95 S. W. 763, (error refused) as holding that evidence of lack of injury to persons or delicate objects, standing even nearer the explosion than the plaintiff stood, was relevant to the matter of whether "the explosion was not sufficient to cause the injury" alleged to have resulted to the plaintiff's hearing. As to the other cited cases of Linforth v. San Francisco Gas & Electric Co., 156 Cal. 58, 103 Pac. 320; Louisville & N. R. Co. v. Lynne, 199 Ala. 631, 75 So. 14; and Harbison-Walker Refractories Co. v. Scott, 185 Ala. 641, 64 So. 547, although it is not clear to precisely what issue the evidence of blast force was held relevant, it does seem likely that it was the matter of causation in the first two, at least.

As to the remaining points raised, including the contention that the exclusion of the evidence in question was not prejudicial error even aside from the effect of Finding No. 5, we continue to agree with the disposition made of them in the court below, believing, as we do, that the exclusion was error and probably responsible for the verdict as rendered. The judgment of the Court of Civil Appeals, reversing the judgment of the trial court and ordering a new trial, is affirmed.

Associate Justice Culver not sitting.

Opinion delivered January 14, 1953.