Isabel FLORES et al., Appellants,

v.

MISSOURI–KANSAS–TEXAS RAILROAD COMPANY et al., Appellees.

No. 16109.

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1963.

Rehearing Denied March 15, 1963.

**380**

McKool & McKool, Dallas, for appellants.

O. O. Touchstone and John B. Webster, Dallas, for appellees.

WILLIAMS, Justice.

From an adverse jury verdict and judgment in a wrongful death action based upon a railroad crossing accident appellants appeal. By their sole point of error appellants complain of the admission of certain testimony of a police officer who investigated the accident. We have con-

cluded that no reversible error is demonstrated by the record and therefore the judgment of the trial court is affirmed.

On February 3rd, 1961 Ben M. Flores was killed in an automobile—train collision in Dallas, Texas, where the Missouri-Kansas-Texas Railroad Company tracks cross Harry Hines Blvd. Suit was instituted by plaintiffs-appellants for damages resulting from the death of Flores. A large number of acts of negligence were alleged against the Railroad Company and its engineer. Defendants countered by alleging a large number of acts of contributory negligence against the deceased Flores. At the conclusion of the evidence the trial court submitted the case on eighty-one special issues. Thirty-nine of these special issues inquired concerning the negligence and proximate cause on the part of the defendants. All of these issues were answered by the jury in favor of the defendants thereby finding that the defendants were not guilty of any negligence which proximately caused Flores' death. In thirty-eight special issues the court inquired concerning various acts of contributory negligence on the part of the deceased Flores, including issues with reference to proximate cause. All of the issues were answered against plaintiffs with the exception of the issues relating to speed. The jury found that Flores was guilty of contributory negligence in failing to keep a proper lookout; by failing to bring his automobile to a stop; by failing to slow down his automobile; by failing to apply his brakes; by failing to listen for a horn or whistle; by failing to bring his automobile to a stop within no more than 50 feet nor less than 15 feet from the nearest rail of the railroad crossing. In answering the issues relating to money damages the jury answered "no dollars and no cents". For the purpose of this opinion it is important to note that the trial court submitted no issues to the jury relating to the question of "right-of-way" nor was any legal definition of the term "right-of-way" given as a part of the court's charge.

During the trial of the case appellees called as one of their witnesses officer M. E. Baker, of the Dallas Police Department, one of the officers who investigated the collision shortly after it occurred. This officer had made certain notes in connection with his investigation and had prepared a written report relating to his findings. As a part of this report he had stated that Flores had failed to yield the right-of-way to the switch engine on the occasion in question. Appellees attempted to offer in evidence this report but same was not admitted because of objections interposed by appellants' counsel. The record shows that several efforts were made by appellees' counsel to introduce the report into evidence but each time the court sustained appellants' objection thereto. Thereupon the predicate was layed to demonstrate the witness to be an expert in the field of traffic investigation. The witness testified that he had received special training in a police department school which taught him how to make a correct investigation in cases of this kind; that he had been doing this kind of work exclusively for over five years and that, based upon such training, he felt able and qualified to make an intelligent investigation and report same fairly and accurately. Upon being asked questions concerning his expert opinion objection was made but overruled by the court with the statement that: "I am letting it in on the theory that he is an expert. Go ahead." Thereupon the following proceedings occurred:

"Q. Well now you made another finding that you haven't told the jury about yet, with reference to the right-of-way.

"MR. McKOOL: Now, did the court sustain our objection as to that?

"THE COURT: I sustained the objection about him asking about that, being leading and suggestive.

"MR. McKOOL: Note our exception, Your Honor. Can we have a full bill on these, Your Honor?

"THE COURT: Yes.

"Q. You remember, Mr. Baker, that you made another finding with reference to the yielding of right-of-way.

Now, I want you to tell the jury what that was?

"A. Like I say, these in the past, where there have been signals at the intersection where trains have been involved in accidents; we normally always say that the car failed to yield the right-of-way, because if the lights—

"Q. You have to have something to find that on, don't you?

"A. Well, the lights working properly, then we say that normally the car should yield, but of course, I wasn't there.

"Q. You found in this instance that it did not?

"A. Like I say, this is the way—

"Q. Well, you can answer that question. In this instance you found that it did not yield the right-of-way?

"A. Well, I presume it didn't, it was in collision.

"Q. Well, that is what you found, wasn't it?

"A. Yes, sir."

Appellants, in their only point on appeal, earnestly contend that the admission of this testimony from Baker requires reversal of the judgment because (1) such testimony clearly invaded the province of the jury on the very issues to be answered by the jury; (2) that by admitting such testimony the contents of the police officer's report were indirectly admitted into evidence; (3) that the officer's conclusion and opinion con-

cerning the failure of the deceased to yield the right-of-way affected all of the special issues concerning contributory negligence of Flores; and (4) that the admission of the testimony over timely and repeatedly objections is so highly prejudicial that appellants were denied a fair trial. We cannot agree with appellants in any of these contentions.

The record presented to us dealing specifically with appellants' only complaint concerning the admissibility of officer Baker's testimony concerning failure of the deceased to yield the right-of-way is far from satisfactory as to the question of sufficiency of the objections interposed by appellants' counsel. Scattered over several pages of the statement of facts appear objections as to "opinion and conclusion" and "invade the province of the jury" but just prior to the admission of the complained testimony appears the Court's remark that he was sustaining the objection based upon the ground that it was "leading and suggestive". Thereupon attorneys for appellants took exception and requested a "full bill" which the court granted but which was not further developed. Nowhere in the record do we find objection to the testimony that it is not supported by pleadings. There were no pleadings before the court on the issue of right-of-way. Nowhere do we find an objection to the effect that the officer's testimony was speculative and amounted to a presumption on his part rather than a statement of opinion. Nowhere do we find a motion to strike the testimony after it was given. However, we are of opinion that the testimony of the witness should not have been allowed to go to the jury. The court was correct in repeatedly refusing appellees' counsel the right to introduce into evidence the police officer's report. This report was hearsay and properly excluded. Texas Employers' Ins. Ass'n v. Brannam, Tex. Civ.App., 245 S.W.2d 271; Brown & Root, Inc. v. Haddad, 142 Tex. 624, 180 S.W.2d 339; Ward v. Wallace, Tex.Civ.App., 175 S.W.2d 611. To permit the officer, though an expert, to testify as to his opinion concerning the failure to yield the right-of-way

would be to allow him to express an opinion on a question of law or, in any event, a mixed question of law and fact. It is well established that a witness, even an expert, cannot testify as to his opinion of ultimate negligence or the actual cause of a calamity. Chuppe v. Gulf Iron Works, Tex.Civ.App., 306 S.W.2d 177; 2 McCormick & Ray, Tex. Law of Evidence, 2d. Ed., p. 281, § 1431. Also when carefully analyzed officer Baker's testimony is lacking in probative force in that it is nothing more than a presumption and speculation on his part. Opinion evidence based on speculation or conjecture lacks probative value. 23 Tex.Jur.2d p. 619, § 414.

■■ While we are of the opinion that the trial court probably fell into error in permitting the questioned testimony to go to the jury, we are equally of the opinion that when this record is reviewed, as a whole, the error complained of did not amount to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure. Error to be reversible must be deleterious as opposed to innocuous. Confining ourselves solely to the specific record here presented we hold that the error, if any was committed, was not reversible error within the meaning of Rule 434, T.R.C.P.

■■ The doctrine known as the rule of "presumed prejudice" under which any error of law committed in the trial of a case was presumed to be prejudicial no longer exists in Texas. Rules 434 and 503 of the Rules of Civil Procedure have modified the old concept of harmless error so as to abolish the doctrine of presumed prejudice and to cast upon the complaining party the burden of showing not only that error was committed but that the error resulted in his prejudice or probable injury, and that the error amounted to a denial of his rights and reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P. makes the Appel-

late Court the judge of whether harm resulted from the error and in making this determination the court will consider the record as a whole. 4 Tex.Jur.2d pp. 549–551, § 932; Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191; Traders & General Ins. Co. v. White, Tex. Civ.App., 320 S.W.2d 702; Chadwick v. Glens Falls Ins. Co., Tex.Civ.App., 340 S.W.2d 501.

■ With these established rules in mind, we observe several reasons why appellants have not discharged their burden of demonstrating reversible error within the ambit of Rule 434, T.R.C.P. In the first place error in admitting or excluding evidence becomes immaterial where the case does not turn on the excluded or admitted evidence, that is, where it is not material and does not affect the verdict and judgment rendered. Benson v. Weaver, Tex.Civ.App., 250 S. W.2d 770; Gross v. Dallas Ry. & Term. Co., Tex.Civ.App., 131 S.W.2d 113; Pride v. Pride, Tex.Civ.App., 318 S.W.2d 715. As stated above there were no pleadings on the issue of right-of-way; no issue was submitted to the jury on the question of right-of-way; no definition of the term "right-of-way" was given to the jury in the Court's charge. All issues as to primary negligence and proximate cause were answered favorably to appellees.

■ The opinion of the witness Baker that the decedent failed to yield the right-of-way did not govern any of the issues submitted to the jury as to primary negligence of appellees. Such testimony related to the conduct on the part of the decedent and did not relate in any way to the conduct of the appellees. The judgment rendered in this case was the only judgment that could have been rendered based upon the jury verdict. Since the appellees were free from negligence, the improper admission of evidence as shown by this record is manifestly harmless. Cantu v. Haag, Tex.Civ. App., 297 S.W.2d 384; Rhodes v. Panhandle & S. F. Ry. Co., Tex.Civ.App., 243 S.W. 516; La Grone v. Chicago, R. I. & G. Ry.

Co., Tex.Civ.App., 189 S.W. 99; Green v. South Texas Coaches, Tex.Civ.App., 116 S.W.2d 799; Chronister v. City of San Antonio, Tex.Civ.App., 337 S.W.2d 223; Hartman v. Harder, Tex.Civ.App., 320 S.W.2d 555; Gross v. Dallas Ry. & Term. Co., Tex.Civ.App., 131 S.W.2d 113; 4 Tex. Jur.2d § 931, p. 546.

The entire record reveals ample evidence to support the various jury findings on the issues of primary negligence as well as contributory negligence other than the testimony complained of by appellants. We find ourselves unable to agree with appellants' contention that the complained of testimony was of such a nature as to permeate and poison the entire case against the appellants. Having given due consideration and careful study to all of appellants' contentions presented under their one point of error, and having considered this record as a whole, we conclude that the error complained of was of such a nature as to be harmless and not reversible error. Rule 434, T.R.C.P.

Affirmed.